### LEWIS *v.* BRACKENRIDGE.

The special bail, at the term to which the writ against him on his recognizance was returnable, gave notice to the plaintiff, that he should move the Court to set aside the order of bail, because the affidavit was insufficient: *Held,* that the defendant could not, under this notice, insist on a discharge on ac-count of the plaintiff's having taken from the principal a cognovit, with a stay of execution: *Held,* also, that the defendant, in such an action, has no right to object to the order of bail.

In actions on tort, the affidavit must be positive as to the facts on which the quantum of the bail is fixed: on contract, it must be positive as to the sum due, except in cases of executors, administrators, and assignees, who need only swear as to their belief. It is filed with the clerk, or judge, before the arrest; the sum specified in it, or in the judge's order, is indorsed on the

writ; and no supplementary or counter affidavits are admissible. After an appearance to the action, no objection can be made either to the affidavit or the writ.

The bail are jointly and severally bound by their recognizance, for the condemnation money, at least to the amount indorsed on the writ with costs; or for the render of the principal. On the return of the ca. sa. *non est*, the bail are fixed; but the proceedings against them by *scire facias* will be stayed on payment of costs, upon the render of the principal on or before the fourth day inclusive, *sedente curia*, after the first *scire facias* returned served, or of the second returned *nihil*; and a discharge under a bankrupt or insolvent law, is equivalent to a surrender.

A judgment against the principal concludes the bail. They cannot, in an action against them, plead any error in the judgment; nor can they have a writ of error for its reversal.

A confession of judgment is, by statute, a release of errors.

*Quære*, Whether the plaintiff does not discharge the bail, if, without their consent, he take a *cognovit* from the principal, with a stay of execution for any time.

ERROR to the *Franklin* Circuit Court.—This cause was argued at the last term, when the following opinion was delivered:

HOLMAN, J.—*Brackenridge* was special bail for *Oliver*, at the suit of *Lewis;* and after judgment and execution against *Oliver*, which execution was returned not found; and after an action of debt was commenced against *Brackenridge* on his recognizance; he, at the term to which the *capias* was returned executed, gave notice to the plaintiff's counsel, that he would move the Court on the succeeding day, to set aside the order of bail in the original suit, for want of a sufficient affidavit. In pursuance of said notice, he afterwards made his motion to set aside the order of bail, and filed the following reasons, to wit, first, the affidavit upon which the order of bail was made, is not such an affidavit as is required by the statute; secondly, the plaintiff took a confession of judgment, and gave the defendant, *Oliver*, a stay of execution for five months, which exonerated the bail; and also a third reason, which was not relied on. The Circuit Court, on this motion, set aside the order of bail.

Before we can decide on the correctness of this decision, we must divest the case of every circumstance that does not stand, either directly or indirectly, connected with the motion. The motion made and decided was, to set aside the order of bail. Therefore, nothing but what is connected with that order, can be presumed to have been before the Court. No matter how many reasons may have been filed for setting aside the order,

*May Term,*
**1821.**

LEWIS
v.
BRACKEN-
RIDGE.

*Wednesday,*
*Nov.* 22, 1820.

15

yet, if they had no bearing on the subject, we must presume they were disregarded by the Circuit Court, and cannot be regarded here. The second reason assigned is, therefore, of necessity left out of the case. The order of bail is either legal or illegal at the time it is made, and cannot depend on future contingencies. And whatever effect a stay of execution may have in releasing the bail, it has no effect upon the previous order of bail. How far the bail is discharged by a stay of execution, is a matter deserving strict attention, and shall receive all the weight it merits, in a case to which it is applicable. But it is without the present motion, and cannot influence our present decision. The only points that remain, respect the sufficiency of the affidavit on which the order of bail was made, and the time when the motion was made to set aside that order. In the cases to which we have been referred, where the sufficiency of the affidavit was the subject of inquiry, the objections were made by the principal, and not by the bail; and when made by the principal, they must be made at an early stage of the proceedings in the original suit. It is true that the bail, at a late stage of the proceedings, may be heard on a motion to have an exoneretur entered on the bail piece, by a surrender of the principal, or otherwise; but we have seen no case where the bail has been heard, at any time, to question the legality of the order of bail, or to inquire into the sufficiency of the affidavit on which it was founded: much less can he be permitted to present his objections at so late a stage of the proceedings. So that, without a minute examination of the affidavit, which, however, bears a strong appearance of sufficiency, we are of opinion that the Circuit Court erred in setting aside the order of bail.

*Per Curiam.*—The judgment, setting aside the order of bail, is reversed, with costs. To be certified, &c.

NOTE. A petition for a rehearing was filed, and the case continued under advisement until the present term, when the opinion of the Court was delivered by BLACKFORD, J.; in which the following points were determined:

1. The statute of 1817, p. 22, is substantially the same with that of Geo. 1., as to affidavits for bail, when by our law such affidavits are required (1). In actions on tort, there must be a positive affidavit of facts, sufficient to enable the Court or judge to determine the quantum of the bail. In actions on contract, the affidavit, whether made by the plaintiff himself, or by a third

person, must show that there is, at the time of suing out the writ, an existing debt actually due, for which an arrest may lawfully be made. It must be positive as to the sum due; and not, as the deponent believes; 2 Str. 1226; nor, as appears by an account stated; 1 Wils. 121; nor, as appears by an agreement dated such a day. 3 Burr. 1447.—1 T. R. 716.—4 Taunt. 154. The case of executors, administrators, and assignees, is an exception: they need only swear as to their belief. 4 Burr. 1992, 2283. The affidavit is filed with the clerk, or judge, before the arrest (2); and the sum specified in it, or in the judge's order, is indorsed on the writ. The Court, when applied to in time, may discharge the defendant, if, without going into the merits, he can show himself excused from the arrest. No supplementary or counter affidavits are admissible; nor any other evidence as to the merits, than that produced to the clerk, or judge, conformably to the statute.

2. The affidavit to hold to bail is a component part of the process, used for the purpose of bringing the defendant into Court. Advantage can only be taken of any irregularities or defects in it, by application to the Court in the first instance. Whenever the defendant regularly appears to the action, or voluntarily does an act adopting the process, the object is then accomplished for which the affidavit was made, and the writ issued; and no objection can afterwards be made to the validity of the one or the other. 7 T. R. 371.—1 Bos. & Pull. 132.— 1 East, 17, 81, 330. This doctrine is not interfered with by our statute.

3. A recognizance taken by the sheriff, when returned and filed, stands on the same ground as if taken in open Court. It is an obligation of record, and in nature of a judgment. The bail are jointly and severally bound by it for the condemnation money, at least to the amount indorsed on the writ, with costs; or for the render of the principal. 1 Doug. 330. When a *ca. sa.* is regularly sued out upon the judgment, and, after being at least four days exclusive in the sheriff's hands, is returned *non est inventus*, the recognizance is forfeited; and a right of action thereon accrues to the plaintiff. The proceedings against the bail will be stayed on motion, upon payment of costs, if the principal be rendered on or before the fourth day inclusive, *sedente curia*, after the return day of the process against them, if served, or of the second *scire facias* returned *nihil;* and a discharge under a

May Term,
1821.

Lewis
v.
Bracken-
ridge.

bankrupt or insolvent law is equivalent to a surrender. But the admitting of a surrender after the return of the *ca. sa.*, is by indulgence of the Court, and not *ex debito justitiæ;* hence the death of the principal after the return of the *ca. sa.* does not excuse the bail (3).

4. The judgment against the principal is conclusive against the bail. If it is erroneous, they are not entitled to a writ of error to get it reversed. 1 Ld. Raym. 328. Nor can they plead to the action against them any error in the judgment. 3 Com. Dig. 637. They may deny the existence of the recognizance, or of the judgment, by a plea of *nul tiel record.* They may plead a release, or satisfaction of the judgment. They may plead a render of the principal, or his death, previous to the return of the *ca. sa.* (4). But whether the proceedings in the original suit are legal or not, is never inquired into in an action against the bail; nor in an action upon the judgment, nor in a *scire facias* to revive it against the principal.

5. A judgment by confession is, by the express words of the statute, a release of errors (5). Hence, in such a case, though the affidavit for bail were defective; though the defect were not cured by appearance; and though the bail could avail themselves of the error; there would be an end of their objection to the affidavit, from the nature of the judgment.

6. Whether the plaintiff, in giving to the principal a stay of execution, does not thereby discharge the bail unless they are parties to the agreement, is a question entirely unconnected with a motion to set aside an order of bail for a defect in the affidavit (6).

*Per Curiam.*—The motion for a rehearing is overruled.

*Caswell,* for the plaintiff.

*Test,* for the defendant.

(1) Acc. Ind. Stat. 1823, p. 289. Vide 1 Arch. Prac. 48—58.

(2) It must now be filed with the clerk in every case. Stat. 1823, sup.

(3) *Davidson* v. *Taylor,* 12 Wheat. 604. In *debt,* the bail have eight entire days in full term, next after the return of the process, to render their principal. 1 Arch. Prac. 284. The law here now is, that if the render be made at any time before judgment against the bail, they will be discharged on motion upon payment of costs. Ind. Stat. 1823, p. 298. They are entitled to an *exoneretur,* if the principal be sent to the state prison for life, *Cathcart* v. *Cannon,* 1 Johns. Cas. 28; or for years, *Loflin* v. *Fowler,* 18 Johns. R. 335.

(4) Vide 2 Will. Saund. 72 t, note.

(5) Stat. 1817, p. 42;—1823, p. 299. The law is the same in *Virginia. Mandeville* v. *Suckley*, 1 Peters, 136.

(6) The taking of a cognovit, with a stay of execution, discharges the bail above, unless they are parties to the arrangement. *Thomas* v. *Young*, 15 East, 617.—*Bowsfield* v. *Tower*, 4 Taunt. 456. It discharges the bail to the sheriff. *Farmer* v. *Thorley*, 4 Barn. & Ald. 91. It discharges the sheriff. *The King* v. *The Sheriff of Surrey.* 1 Taunt. 159.