BAUSMAN and Another *v.* SMITH and Another.

The defendants, who were non-residents and common carriers, agreed to deliver a certain amount of flour for the plaintiffs at *New York* in good order for a certain amount agreed on as freight. *Held,* that the property of the defendants was liable by suit instituted by process of foreign attachment, for the damages done to the goods while on their transit.

*Wednesday,
December 4.*

APPEAL from the *Tippecanoe* Circuit Court.

SMITH, J.—This was an action commenced by process of foreign attachment. The affidavit stated that the defendants were justly indebted to the plaintiffs in the sum of 519 dollars and 91 cents, being the amount of damages due for injury to a large quantity of flour, to-wit, 768 barrels of flour, while on its transit from *Lafayette, Indiana,* to the city of *New York;* said flour having been received from the plaintiffs by the defendants, as common carriers, and under an agreement by the latter to deliver the same in good order, at the city of *New York,* for a certain compensation, as freight, to be paid by the plaintiffs; and said flour having been delivered by the defendants in a damaged condition.

A writ was issued by virtue of which the sheriff attached a canal-boat as the property of the defendants.

Afterwards, at a term of the Circuit Court held in *November,* 1848, the cause was dismissed on motion of the defendants, who had entered an appearance, upon the ground that the affidavit and declaration were insufficient.

The objection made to the affidavit and declaration, appear to have been, that the debt or demand claimed was not such an one as could be enforced by attachment.

Our statute on the subject enacts that the property of non-residents "shall be liable for the payment of debts or other demands, by suit to be instituted by process of foreign attachment." We think the terms debts or other demands are broad enough to embrace the demand claimed in this case.

Nov. Term, 1850.

BAUSMAN v. SMITH.

Under the practice act of 1831, which, in this respect, continued in force the provisions of an act passed in 1818, (acts of 1818, p. 22,) special bail was required to be taken in all actions of debt, and case founded on a contract in writing for the payment of money, and in actions of covenant, and in all actions where an affidavit should be made of an existing debt due from the defendant to the plaintiff. Under these acts special bail was demanded in actions founded on tort, it being required that there should be a positive affidavit of facts, sufficient to enable the Court or judge to determine the quantum of the bail. The term existing debt was of course held to include a demand sounding in damages. *Lewis* v. *Brackenridge*, 1 Blackf. 112.

In *Fisher* v. *Consequa*, 2 Wash. C. C. R. 382, there were proceedings in attachment against the defendant, to recover damages for the non-performance of a contract to deliver a quantity of teas of a particular quality. It was held that though attachment would not lie for demands arising *ex delicto*, or where special bail could not be required, as the plaintiff had sworn to the difference in value of the teas promised and those delivered, the amount of such difference would be considered a debt arising upon contract for which a writ of foreign attachment could be sustained. (1.)

In a recent case in *New York* occurring under a statute requiring the amount of the claim, and the nature of it, so far as to declare whether it arose upon a contract or upon a judgment to be stated, it was held that an objection that the claim was for unliquidated damages was untenable. In the matter of *Marty*, 2 Barb. S. C. R. 436. See also *Runyan* v. *Morgan*, 7 Humph. 210.

Nov. Term,
1850.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. Jones* and *J. A. Ingram*, for the appellants.

*A. M. Crane* and *E. H. Brackett*, for the appellees.

(1) An attachment it seems will not lie under similar statutory provisions for demands arising *ex delicto*, as for damages for an assault and battery. *Menza* v. *Zollicoffee*, 1 Iredell's L. R. 278.