## WOOLFOLK *v.* THE STATE.

Under art. 5, 2 R. S. p. 364, the death of the principal in a recognizance, after forfeiture entered, may be pleaded by the bail in bar of an action against him upon the recognizance, except for costs.

APPEAL from the *Tippecanoe* Circuit Court.

WORDEN, J.—Complaint by the state against *John B. Allen* and *Edward S. Woolfolk*, upon a recognizance entered into by them on the 27th day of *April*, 1854, for the appearance of *Allen* before the *Tippecanoe* Circuit Court, at the next term thereof, to answer to a charge of assault and battery with intent to commit a felony. Averment of the non-appearance of *Allen*, and the forfeiture of the recognizance.

The defendant, *Woolfolk*, appeared and answered, as to all except the costs, that *Allen* on the 15th of *August*, 1855, died, whereby he was prevented from surrendering him in discharge of the recognizance.

To this answer the prosecuting attorney demurred, and assigned the following cause of demurrer:

"Because the answer shows that said *Allen* departed this life on the 15th of *August*, 1855, more than one year after the forfeiture of the recognizance, during which time the said *Allen* could have been surrendered in Court in discharge of the recognizance, but does not show any cause for not surrendering the said *Allen* after forfeiture, and before his death."

This demurrer was sustained by the Court. *Woolfolk* excepted, and there was final judgment against him.

This is the only error assigned.

It is provided by statute that " The bail, at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open Court, or to the sheriff, and upon the payment of all costs, may thereupon be discharged from any further liability upon the recognizance." 2 R. S. p. 366.

The question arises whether, under this statutory provision, the death of the principal after forfeiture entered, can be set up by the bail in bar of an action except for costs against him on the recognizance.

At common law, in civil cases the bail became fixed and liable to be proceeded against, upon the return of *non est inventus* to a *ca. sa.* issued against the principal. But still, by the favor and indulgence of the Courts, he might, within four days after the return day of the process against him, surrender his principal, and procure an *exoneretur* to be entered. *Vide Lewis* v. *Brackenridge*, 1 Blackf. 112; *White* v. *Guest*, 6 *id*. 228. But this method of procuring an *exoneretur*, by surrendering the principal after the bail became fixed, was considered a *matter of favor and indulgence*, and not a matter of *right;* hence the death of the principal after the bail became fixed, would not entitle the bail to an *exoneretur*. *Davidson* v. *Taylor*, 12 Wheat. 604.

The right of the bail, under the statutory provision above quoted, to surrender the principal at any time before final judgment against himself, is absolute, and does not depend

upon favor and indulgence, or the discretion of the Court, hence the decision in *Wheaton,* which is undoubtedly in accordance with the common law, is not applicable.

The effect of the recognizance must be determined by the law regulating the right of the surety to surrender' his principal, as much as if that law were incorporated into the recognizance and made a part of it. What is the effect of the recognizance then, so far as the surety is concerned? It is that on forfeiture, he will pay the amount, or surrender the principal, before final judgment is rendered against himself.

Where he is prevented, by the death of the principal, from making the surrender, it seems to us, both on principle and authority, that he is discharged from liability. .It is like a bond with a condition, compliance with which has been rendered impossible by act of *God.* In such case no .action lies, as the performance is excused. Co. Lit. 206, *a.*

It has been held in several cases that where the principal has been discharged from imprisonment by virtue of insolvent laws, after the bail had become fixed by a return of *non est* to a *ca. sa.* against the principal, such discharge releases the bail. Such was the case of *Beers et al.* v. *Haughton,* 9 Peters, 329.

STORY, J., in delivering the opinion of the Court, remarks as follows: "Now, the doctrine is clearly established, that where the principal would be entitled to an immediate and unconditional discharge if he had been surrendered, there the bail are entitled to relief by entering an *exoneretur* without any surrender. This was decided in *Mannin* v. *Partridge,* 14 East, 599; *Boggs* v. *Teackle,* 5 Binn. 312; *Olcott* v. *Lilly,* 4 Johns. 407. And *a fortiori,* this doctrine must apply where the law prohibits a party from being imprisoned at all; or where by positive operation of law, a surrender is prevented. So that there can be no doubt that the present plea is a good bar to the suit, notwithstanding there has been no surrender, if by the law the principal could not, upon such surrender have been imprisoned at all."

We think these principles are applicable to the case be-

fore us.  If the surrender of the principal is excused by <span style="float:right">May Term, 1858.</span>
virtue of insolvent laws whereby he is rendered not liable
to imprisonment, we think the act of *God*, rendering it <span style="float:right">WOOLFOLK v. THE STATE.</span>
physically impossible to make the surrender, is an equally
valid excuse.

But the case of *Mather* v. *The People*, 12 Ill. R. 9, is di-
rectly in point.  That was a case where, as in the present,
a forfeiture had been taken, and the surety pleaded the
death of the principal after the forfeiture.  The statute of
*Illinois* in relation to the right of the surety to surrender
his principal after forfeiture, and before final judgment
against himself on the recognizance, is similar to our own.
Upon full examination, it was held that the plea was a
good bar to the *sci. fa.*  In concluding the opinion of the
Court in the case, TRUMBULL, J., makes the following re-
mark, which is equally applicable here, viz.:  " The liability
of the principal undoubtedly became fixed by the forfeit-
ure of his recognizance, but the statute gives his security
further time within which to discharge themselves, and of
the benefit of this provision they ought not to be deprived
by the death of the principal."

*Per Curiam.*—The judgment is reversed.  Cause re-
manded for further proceedings not inconsistent with this
opinion.

*G. S. Orth* and *J. A. Stein*, for the appellant (1).

*J. L. Miller*, for the state.

(1) Counsel for the appellant cited *The People* v. *Manning*, 8 Cow. 299;
*Sparrow* v. *Lowgate*, W. Jones, 29; 1 Tidd's Pr. 238, 239; *Mannin* v. *Part-
ridge*, 14 East, 599; *White* v. *Blake*, 22 Wend. 613; *Lewis* v. *Brackenridge*, 1
Blackf. 113; *White* v. *Guest*, 6 *id.* 228; *Beers* v. *Haughton*, 9 Pet. 330.