May Term, 1861.

SMITH
v.
EMERSON.

*Monday, June 10.*

The judgment is reversed, with instructions to quash.

*Alfred Reed*, for the appellant.

*John L. Miller*, for the State.

---

### SMITH and Another *v.* EMERSON.

Defects in an affidavit in replevin before a justice of the peace, or in the manner of bringing the defendant into Court, are cured if the defendant appears and goes to trial without objection.

A disclaimer of any interest in the property in controversy is no answer to an action of replevin, and may be stricken out on motion.

APPEAL from the *Tippecanoe* Common Pleas.

WORDEN, J.—*Emerson* sued *Smith* before a justice of the peace, in an action of replevin for a wagon. Afterward, on motion of the plaintiff, and, as we suppose from the statements in the record, on an additional affidavit being filed, *Ivers* was made a co-defendant. The parties appeared before the justice, and went to trial without any objection, on the part of either of the defendants, to the affidavits or otherwise. Before the justice, the plaintiff had judgment, and the defendants appealed. In the Common Pleas, *Ivers* moved to dismiss the cause as to him. This motion was correctly overruled. No ground of the motion appears by the record to have been stated. If there was any defect in the affidavits, or manner of bringing the defendants into Court, they were

*Monday, June 10.*

May Term, 1861.

cured by appearance before the justice, and going to trial on the merits without making any objection. *Perkins* v. *Smith*, 4 Blackf. 299.

The defendant *Ivers* then filed a paper, which is called a disclaimer, as follows: "The said defendant, *William Ivers*, for answer to said complaint against him, says that he claims no interest in said property; wherefore he asks that as to him said suit may be dismissed." On this paper he renewed his motion to dismiss the cause as to him, but the motion was overruled, and the paper stricken out. There was no error in these rulings. The paper filed was no answer to the complaint, nor was the fact that *Ivers* claimed no interest in the property any reason for dismissing the suit against him for a wrongful taking and detention of it.

The cause was tried by a jury, and the result was a verdict and judgment for the plaintiff.

The only remaining question in the case is, whether the evidence sustains the verdict. We can not disturb the case on the evidence. There have been two verdicts for the plaintiff, and it is not clear that they were wrong.

*Per Curiam.*—The judgment is affirmed, with costs.

*Vinton* and *Miller*, for the appellants.

*J. J. Jones* and *E. A. Greenlee*, for the appellee.