## EDDY *v.* BEAL.

REPLEVIN.—*Affidavit.*—*Justice of the Peace.*—In an action of replevin before a justice of the peace, though the complaint need not be separate from the affidavit, it may be; and where the defendant appears to the action and goes to trial on the merits, without objecting to the affidavit or the writ issued thereon, he cannot, on appeal to the court of common pleas, raise any objection to the affidavit as such, or to the writ.

SAME.—*Pleading.*—It seems that in an action of replevin before a justice of the peace, there is no necessity for the plaintiff's affidavit as such to state that he claims a judgment for the possession of the property, or that he demands damages for the detention thereof, though these statements will not vitiate the affidavit; and that the action of replevin may be maintained without asking damages for the detention of the property.

APPEAL from the Brown Common Pleas.

WORDEN, J.—Eddy sued Beal before a justice of the peace in an action of replevin for a plow, and filed a complaint that seems to be sufficient in form and substance, setting out the facts alleged, and demanding a judgment for a recovery of the property and fifty dollars damages for the detention thereof, which was duly signed by the plaintiff. He also filed a separate affidavit, which, as it appears from the record, was duly signed and verified by him, and contains all the requirements of the statute, including, like the complaint, a demand for a return of the property and for damages. A writ was issued and served, and the property was delivered to the plaintiff, he having given bond. On the return day of the writ, the parties appeared before the justice, and the defendant moved to dismiss the case because of the insufficiency of the complaint, which was overruled, and the plaintiff had leave to amend. What amendment was made, or whether any, does not appear.

On application of defendant, a change of venue was granted to another justice, and the time was fixed for trial. On the day fixed for trial, the parties appeared before the justice to whom the cause had been sent, and the defendant moved to dismiss the cause for the want of a sufficient transcript, which motion was overruled, and the parties thereupon entered upon

the trial of the cause, which resulted in a judgment that the plaintiff keep the property and the defendant pay the costs. From this judgment the defendant appealed to the common pleas, where he filed what purports to be a plea, or answer, in abatement, asking that the writ be quashed and the action dismissed. A demurrer was overruled to this answer, and exception was taken, but the pleading need not be here set out, as our decision will turn upon the findings of the court thereon.

Issue was joined upon it and submitted to the court for trial. The court found the following facts specially: "That at the time the writ of replevin issued, the affidavit was sworn to, but not signed, by the plaintiff, and that there was no demand for possession or damages in said affidavit; that when the case was called for trial by the justice who issued the writ, the plaintiff amended his affidavit by signing the same and adding a demand for the possession of the property and for damages for the detention of the same; and that said affidavit was not thereafter sworn to."

On this finding the court rendered judgment for the defendant. Exceptions were duly taken.

This judgment cannot be sustained. We have seen that a good complaint was filed before the justice, claiming the property, and demanding damages in the sum of fifty dollars. The affidavit will, it is true, in such cases, answer for a complaint, but there is nothing in the law to prevent the filing of the complaint separate from the affidavit. There is nothing in the justices' act, providing for affidavits in such cases (2 G. & H. 598, sec. 71), that requires a party to swear in his affidavit, either that he claims a judgment for the property or demands damages for its detention. He may maintain such action for the recovery of property without asking damages for its detention. What he is required to swear to are the facts necessary to the issuing of the writ, that is to say, that his goods, &c., have been wrongfully taken, or are unlawfully detained, &c., describing and alleging the value thereof, and that they have not been taken by any execution, &c., or if so, that they were exempt, &c. What is said in

the section in reference to claiming damages for the detention of the goods, not exceeding one hundred dollars, has reference to the jurisdiction of the justice, and should be construed to mean merely that the writ may be issued by the justice where the claim of damages for the detention of the goods does not exceed that sum.

The affidavit contained all the facts which the law required to be stated therein, and was in all respects complete and perfect at the time the writ was issued, except that it had not been then signed by the affiant, although it had been duly sworn to by him. It is claimed by counsel for the appellant that the affidavit was valid without being signed, and there are authorities to that effect. *Jackson* v. *Virgil*, 3 Johns. 540; *Shelton* v. *Berry*, 19 Texas, 154; *Crist* v. *Parks*, *id.* 234. Whether the signing was necessary, we need not determine, but we think the better practice would be to have all affidavits signed; nor need we determine whether the subsequent signing by the affiant, upon the calling of the cause, as found by the court, was such an amendment as the justice might have permitted. We may observe, however, that the insertion of the claim for damages and demand of the property, though unnecessary to be stated in the affidavit, viewed merely as an affidavit, did not vitiate it.

The record does not show that the defendant, before either of the justices, made any objection whatever to the affidavit, or to the writ; and it is not found by the court that any such objection was made. But it does appear by the record that the defendant appeared to the action, first before the justice before whom it was commenced, and obtained a change of venue, then before the justice to whom it was sent, and after making an ineffectual motion to dismiss for the want of a sufficient transcript, he entered upon the trial of the cause upon its merits.

This was an effectual waiver of all objections to the writ or the affidavit on which it issued. Many authorities might be cited upon this point, but we take up space only for the

following: *Lewis* v. *Brackenridge*, 1 Blackf. 112; *Smith* v. *Emerson*, 16 Ind. 355.

There is nothing in the facts found by the court, that, under the circumstances, authorized a dismissal of the cause.

The judgment below is reversed, with costs, and the cause is remanded for further proceedings.

*R. L. Coffey*, for appellant.

*J. S. Hester, S. E. Perkins, O. F. Baker,* and *S. E. Perkins, Jr.,* for appellee.