WESLEY MCLAUGHLIN V. THE STATE OF KANSAS.

1. JUDGMENT ON FORFEITED RECOGNIZANCE; *Death of Principal.* Where a judgment is rendered against the principal and surety on a forfeited recognizance after the death of the principal, the judgment may be vacated under subdivision six of § 568 of the code, as to the principal, but not as to the surety.

2. ACTION TO VACATE JUDGMENT; *Sufficiency of Petition.* Where a surety on a forfeited recognizance commences an action to vacate a judgment previously rendered against him on such recognizance, and states in his petition no ground for the vacation of such judgment except merely that the principal recognizor had died before such judgment was rendered, and gives no reason why he did not set forth such death as a defense to the original action on the recognizance, *held,* that such petition does not state facts sufficient to constitute a cause of action.

*Error from Clay District Court.*

·THE opinion of the court contains a sufficient statement of the facts. The district court, at the May Term 1875, sustained a demurrer to the petition of *Wesley McLaughlin* to vacate a judgment previously rendered by said court; and from such decision said *Wesley McLaughlin* appeals, and brings the case here on error for review.

*McClure & Humphrey,* for plaintiff in error.

*C. M. Anthony,* for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Wesley McLaughlin, and Adelaide H. McLaughlin, administratrix of the estate of Johnson B. McLaughlin deceased, to vacate a

certain judgment previously rendered against said Wesley and said Johnson B. on a forfeited recognizance previously executed by said Johnson B. as principal, and said Wesley McLaughlin and one William A. Keith as sureties. (For additional facts concerning said judgment and said recognizance, see *McLaughlin v. The State,* 10 Kas. 582.) The only thing set forth in the plaintiff's petition as a foundation for their cause of action, or rather as a ground upon which they asked to have said judgment vacated, was, that prior to the rendition of said judgment said Johnson B. McLaughlin had died. Johnson B. died August 30th 1872. Said judgment was rendered November 19th 1872. Adelaide H. was appointed administratrix March 31st 1873; and this suit to vacate said judgment was commenced May 26th 1874. The state demurred to said petition, on the ground that it did not state facts sufficient to constitute a cause of action, and the court below sustained the demurrer as to Wesley, but overruled the same as to Adelaide H., administratrix. Wesley now brings the case to this court, and assigns for error the ruling of the court below on said demurrer. We think however the ruling of the court below was correct. It must be remembered that the only ground assigned for the vacation of said judgment was the death of said Johnson B. McLaughlin. There is no claim that Wesley McLaughlin did not know of said death at the time it occurred. There is no claim that he did not have ample evidence to prove said death at the time said judgment was rendered. And there is no claim that he ever exercised the slightest diligence to avoid the rendition of said judgment. The petition below is wholly silent upon these matters. From anything that appears in the record, Wesley McLaughlin could just as well have set up and proved said death as a defense to the action on the recognizance as he can now set it up and prove it as a ground for vacating said judgment. Wesley McLaughlin however founds his right of action upon a certain statute which reads as follows:

"SECTION 568. The district court shall have power to

vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made; * * * *Sixth*, For the death of one of the parties before the judgment in the action." (Gen. Stat. 742, 743.)

Now this statute evidently applies to the judgment as rendered against Johnson B. McLaughlin, for as to that judgment the state and said Johnson B. were the parties, and one of such parties was dead at the time of the rendition of the judgment. But does the statute apply to the judgment as rendered against Wesley McLaughlin? We hardly think it does. As to that judgment both of the parties—the state, and said Wesley—were still in existence at the time that said judgment was rendered, and capable of suing and being sued, and capable of having judgment rendered for and against them. In this state a valid judgment may be rendered against any one or more of the several parties to a recognizance. In this state all joint contracts are also several. (Gen. Stat. 183, § 1.) And in all cases of joint obligations or joint assumptions suits may be brought and prosecuted against any one or more of those who are liable. (Gen. Stat. 183, § 4; id. page 637, § 39.) Judgments may be rendered against any one or more of those who are sued; (Gen. Stat. 704, § 396.) And the property of any one or more of those against whom judgments are rendered may be taken in execution for the satisfaction of such judgments. Hence it does not follow, that because a judgment may be void as to one joint contractor, or one joint obligor, or one joint recognizor, it is void as to all. Nor does it follow that because a judgment may be vacated as to one of such joint contractors, obligors, or recognizors, it may be vacated as to all. The judgment in all such cases is a several judgment as between the plaintiff and each of the several defendants, although a satisfaction of the judgment as to one of the defendants would be a satisfaction as to all. It is claimed that the death of the principal recognizor at any time before final judgment is rendered, is a good defense for the surety on any action brought against him on the recognizance. We have assumed this to be true, although

we do not now wish to be understood as deciding the question. Section 149 of the criminal code, (Gen. Stat. 843,) is an argument in favor of its correctness, while the following statutes are rather the other way: Gen. Stat. 183, § 3; id. page 708, § 421; id. page 844, § 155. The case of *Woolfolk v. The State,* 10 Ind. 532, is also in favor of the correctness of said claim of the plaintiff in error, Wesley McLaughlin. But assuming that such claim is correct, how can it help the plaintiff in error in this case? Where a defendant has a good defense to an action which he could easily interpose before judgment, if he should choose to do so, but he does not so choose, may he afterward be heard to interpose such defense? Or, even if he should choose to interpose the defense, and the court should rule against him, would his proper remedy be to wait over a year and a half and then commence an action to vacate the judgment? The judgment rendered against Johnson B. McLaughlin should not be considered as an element in the proceeding to vacate the judgment against Wesley McLaughlin at all. This case, so far as it applies to Wesley McLaughlin, should be considered as though Wesley McLaughlin had been the sole defendant in the action on the recognizance; that Johnson B. McLaughlin had died before judgment was rendered against Wesley; that Wesley knew of such death in time to have interposed the same in his own defense, if he had chosen to do so, but that he did not choose to do so, and allowed judgment to be rendered against him. Now upon this state of facts, will an action lie in his favor to vacate said judgment? We hardly think it will. The rule is, that if a defendant has a defense to an action, and knows it, he must set it up in that action, or he loses it; and about the only exceptions to this rule are where he has been prevented from setting it up by the fraud of the other party, or by some unavoidable casualty or misfortune. None of these exceptions intervened in this case.

The judgment and order of the court below will be affirmed.

All the Justices concurring.