<sup>1 Dec.</sup><br><sup>412 ]</sup>      **AFFIDAVIT—REPLEVIN—AMENDMENTS.**

[Hamilton Circuit Court, January Term, 1894.]

Smith, Swing and Cox, JJ.

DOROTHY GAISER v. VAL. HEIM, SHERIFF.

1. IT IS TOO LATE AFTER APPEARANCE AND GIVING BOND TO TAKE ADVANTAGE OF DEFECTS IN BOND.

> Where the affidavit filed in a replevin proceeding before a justice does not contain all of the averments required by the statute, but the defendant appears in the case without objection thereto, and gives a counter-bond, and the property is thereupon returned to him, the justice, notwithstanding the defect in the affidavit, has jurisdiction of the action, and in furtherance of justice and on proper terms, may allow an amendment of the affidavit.

2. APPEAL IS APPEARANCE AND DEFECTIVE AFFIDAVIT MAY BE AMENDED.

> If no objection is there made to such affidavit, and the case is there tried and judgment rendered for the plaintiff, and the cause is then appealed by the defendant to the court of common pleas, such court has jurisdiction thereof, and in like manner, and in furtherance of justice, may allow an amendment of such affidavit, especially if a plea to the merits has been filed by the defendant.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

In this case the plaintiff in error seeks the reversal of the judgment of the court of common pleas dismissing her action against Heim at her costs, the ground of the motion being that the court had no jurisdiction thereof. The facts, as they appear in the record and bill of exceptions, are substantially these:

On November 30, 1891, the plaintiff in error commenced a replevin proceeding before a justice of the peace of this county against Val. Heim, sheriff, to recover the possession of certain articles of personal property described in her affidavit in replevin, of which it was averred that she was the owner and was entitled to their immediate possession, and which were wrongfully detained from her by the defendant, and also claiming damages for the detention. The affidavit, it is admitted, failed to state several matters which the statute then in force required to be stated therein. A summons and writ of replevin were issued, and the property was taken by the constable and duly appraised, and on the execution by plaintiff of a bond in double the amount of the appraised value of the property, it was delivered to her. The defendant was duly served with a summons.

On the day named for the trial of the case the parties appeared by their attorneys, and by their consent the case was continued for a few days, and afterwards on December 11, it was again continued by like consent, and on that day the defendant gave a redelivery bond, as provided in 88 O. L., 275, and took the property again into his possession. Further continuances were had until December 31, 1891, when the plaintiff appeared, but the defendant failed to appear. Trial was then had and a judgment rendered against the defendant for $300, from which he appealed to the court of common pleas.

In that court a petition was filed on February 27, 1892. On May 18, following, the defendant came and moved the court for an order that the live stock in controversy be sold. This motion was granted, but afterwards was set aside. On June 22, 1892, a motion was filed by the defendant to dismiss the action, on

Gaiser v. Heim, Sheriff.

the ground that the court had no jurisdiction thereof. On December 10, 1892, this motion was overruled. On December 21, 1892, by leave of the court (and without prejudice, and with leave to withdraw the same upon the final determination of said cause, provided such motion should be found to be well taken), the defendant filed an answer to the merits, and, as stated in the journal entry, "the said cause having been fully submitted to the court upon the pleadings aforesaid, the said motion and the evidence, and argued by counsel, the court find said motion to be well taken." The action was thereupon dismissed at plaintiff's costs, and leave was given to withdraw such answer, which was done. To all of this the plaintiff excepted.

There is no question that a justice of the peace had jurisdiction of such an action, if properly brought, that is, of the subject-matter, and in this case he obtained jurisdiction of the defendant both by service of process and by his appearance in the case.

But the question in dispute is, did the fact that the affidavit made and filed by the plaintiff at the commencement of the action, did not contain certain allegations which the statute then in force required to be made therein, utterly deprive the justice of any jurisdiction therein, or prevent him from permitting an amendment of the affidavit to be made.

We are of the opinion that such is not the law. It is clear that if an objection had been promptly interposed to the affidavit, or a motion made to dismiss the action on the ground that the affidavit was not in proper form, it would have been the duty of the justice to hold that the affidavit was not good, and unless it had been amended to comply with the statute, by leave of the court, in furtherance of justice, that the action should have been dismissed; but if no such objection or motion is made, and the defendant proceeds to a trial upon the merits, that he thereby waives such defect, and the judgment rendered would be valid and binding; or, if the objection is not made, and the defendant appears and recognizes the proceeding (as was done in this case), by the giving of a counter-bond, and taking the property again into his possession, that if a judgment is afterwards rendered against him by default, such judgment would not be absolutely void, but would be binding unless appealed from, or reversed on error, as might probably be done unless the giving of the counter-bond would operate as a waiver of the defect, which it is not necessary now to decide—that is, in our judgment such omissions and defects in the affidavit, would present a case of error, which, if objected to, would require the proceedings under such affidavit to cease, unless an amendment was allowed and made; yet that the court, in furtherance of justice, might allow such amendment, and, if this be so, the justice had jurisdiction of the action, and when appealed to the common pleas, that court had jurisdiction of it. That such power exists, see the general section as to amendments, sec. 5114, Rev. Stat.; Bates' Pleadings and Practice, 697, and authorities cited; Wells on replevin, secs. 665, 799, 800; Cobbey on Replevin, 569-70-71; 34 Ind., 159.

But even if the justice of the peace had not jurisdiction of the cause on the account of the defects in the affidavit, we think that it does not follow necessarily that the action of the court of common pleas in dismissing the action, because that court had not jurisdiction of it, was right. It has been the settled doctrine of this state for many years that where an action was brought before a justice of the peace, of the subject-matter of which he had no jurisdiction, as for instance, an action for nuisance, and the case is appealed to the court of common pleas, which has jurisdiction thereof, and it is there heard upon the merits without objection, that the jurisdiction or right of the court to try it can not afterwards be questioned: *Harrington* v. *Heath*, 15 O., 488; 44 O. S., 330; 9 O. S., 498.

We think further that there is ground to believe that where a defendant has not objected to the jurisdiction of the justice, but appeals the case to a court which has jurisdiction, that this itself would confer jurisdiction on the appellate court in that particular case. It is he who has voluntarily brought it there and

seeks the interposition of that court. Should he be heard to say that it has no jurisdiction thereof ? But if this be not so, and the defendant having so appealed, appears in such court, and without contesting its jurisdiction, applies for and obtains from such court an order to sell the replevined property then in his possession, is not this a waiver of the question of the jurisdiction of the court, and an acknowledgment of its right and power to act therein, as much as would be a plea to the merits and a trial thereon ? But in this case, in addition to this action taken by the defendant, after a motion subsequently interposed by him that the case be dismissed had been overruled by the court, an answer to the merits of the case was filed, and the case was heard on the pleadings and evidence, and it was after this hearing that the court, as it appears, set aside the former judgment overruling the motion to dismiss the action and then granted the motion. We think there was error in this, that there had been such conduct on the part of the defendant as prevented him from asking this dismissal; that the court, in furtherance of justice, might have allowed an amendment of the affidavit to be there made and the case to proceed to judgment. It is conceded by the counsel for defendant in error that the judgment of the common pleas was erroneous in dismissing the case with costs.

The order of the court dismissing the action for want of jurisdiction will be reversed with costs, and the case remanded to that court for further proceedings.

*Maxwell & Creed,* for plaintiff in error.

*Tugman & Baker, contra.*