Sakariason et al. v. James, Sheriff, 22 N. M. 437.

---

[No. 1926.   March 16, 1917.]
SAKARIASON et al. v. JAMES, Sheriff.

### SYLLABUS BY THE COURT.

1.   Formal defects in the affidavit in actions of replevin
must be taken advantage of before pleading to the merits; if
not, they will be considered as waived.                    P. 438

2.   A testator's wishes and directions, not precatory merely,
must be followed if possible in all particulars, unless some ap-
propriate tribunal authorize the executor to swerve aside.

P. 439

Appeal from District Court, Socorro County; Mechem,
Judge.

Replevin by James Sakariason against Emil James, as Sheriff of Socorro County. Judgment for defendant against plaintiff, and plaintiff appeals. Affirmed.

M. C. SPICER and J. A. LOWE, both of Socorro, for appellant.

### STATEMENT OF FACTS.

This is an action of replevin brought in the district court of Socorro county against Emil James, a duly elected, qualified, and acting sheriff of said county, by James Sakariason, who, by his complaint, set up that he was the owner of certain sheep, described, and that the said defendant, as sheriff of said county, had wrongfully taken possession of such property under a pretended writ of execution issued out of the district court of the same county in a former case, in which the plaintiff was not a party. Issue being joined, and after the introduction of certain evidence, a motion was interposed by the defendant to instruct the jury to find the issues in his favor and assess damages in the sum of $5,000, which it appears was the admitted value of the animals in question. The motion was based upon two grounds: First, because no affidavit, as required by section 4342, Code, 1915, in actions of replevin against an officer, had been made by the plaintiff; second, because the evidence of the case was not sufficient to warrant a recovery by plaintiff. This motion was granted by the trial court, and the jury brought in a verdict in the sum of $5,000 against plaintiff, from which judgment this appeal is prayed.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above).
[1] The motion of the defendant for a directed verdict was based on two grounds, the first being that there was no replevin affidavit, as required by section 4342 of the Code of 1915, in all actions of replevin against an officer. The statute in question requires an affidavit in addition to the affidavit ordinarily called for in replevin actions, which additional affidavit must recite that the goods and chat-

tels were not seized under any process, execution, or attachment against the property of the plaintiff, and that the defendant in the original process, by virtue of which the property was wrongfully seized by the officer, had no interest, right, or title in said chattels at the time of such wrongful seizure, etc.

This additional affidavit, required by the section of the statute referred to, was not made, so far as the record in this case discloses, although the ordinary affidavit in replevin was filed. This objection would prove to be serious but for the fact that it was not raised in apt time, being first called to the attention of the court in the motion for a directed verdict. The failure to file the additional affidavit is analogous to the filing of an affidavit which is defective in that it does not include all the things necessary to be shown under the statute. It is generally held, with which holding we agree, that formal defects in the affidavit in actions of replevin must be taken advantage of before pleading to the merits; if not, they will be considered as waived. Wells on Replevin, § 657; Smith v. Emerson, 16 Ind. 355; Tripp v. Howe, 45 Vt. 523; Eddy v. Beal, 34 Ind. 159; Baker v. Dubois, 32 Mich. 92.

For the reasons stated, we find no merit in the first objection urged to the action of the trial court in sustaining the motion of the defendant for a directed verdict.

[2] The second ground of the motion for a directed verdict, one which presents the most difficulty, and around which the contest in the trial court largely revolved, was that there was no evidence to warrant a recovery by plaintiff in the trial court, and no evidence to show that he was entitled to the possession of the property in controversy at the time he commenced his action.

It is contended by appellants here that the undisputed evidence of the case shows that James Sakariason, the plaintiff, was in possession of the sheep involved at the time that they were taken into possession by the sheriff under the writ of execution. We cannot agree with this contention of appellant's, and do not consider that the conclusion at which we arrive calls for a lengthy discussion of the evidence as disclosed by the record.

It is not disputed, but admitted, that John E. Sakaria-son was at all times in possession of the sheep. We do not overlook his contention that he claims his possession was the possession of his brother, James Sakariason, whose whereabouts was unknown. The only difficulty presented by appellants' contention arises from the fact that certain proof was offered and rejected by the trial court. The proof tendered consisted of an order of the probate court of Socorro county, calling upon the administrator, John E. Sakariason, to file a report. The report thus called for, which, after making reference to certain disbursements in connection with debts of the estate, recited that James Sakariason, the plaintiff in this case, who was a minor at the time of his father's death, had become of age, and that he, as guardian of the said James Sakariason, was holding an equal share of the estate for him. The introduction of this evidence was objected to in the court below on the ground that the evidence was incompetent; that the admin-istrator was without authority to distribute the property among the heirs; but was required to sell the same and distribute the proceeds; that there was an outstanding judgment in favor of Charles Bruton, for which reason no distribution could be had; and that the court was with-out power to authorize the administrator to transfer any of the sheep to James Sakariason, by reason of the direc-tion contained in the will to sell the same. The tendered proof would not have proved the possession or right to possession in the plaintiff, James Sakariason, inasmuch as the report did not pretend to disclose that the sheep in question had come into the possession of the plaintiff, but only that the share to which plaintiff was entitled in the estate was held by the administrator with the will an-nexed as guardian of the plaintiff, whatever that share might have been. So far as the report discloses it might have been money in hand or other property. The offer of this evidence was therefore properly denied. The plaintiff thereupon offered to prove by oral evidence and deeds that the administrator, John E. Sakariason, had made a dis-tribution of the personal property of the estate of Olson M. Sakariason, and that under said distribution the plain-

tiff was given the title and possession of the sheep in controversy, and that on March 1, 1915, the plaintiff took possession of said sheep and held possession thereof until they were taken from him by the sheriff under the execution heretofore referred to. The offer of this proof was objected to on the general ground of incompetency and immateriality, and upon the further ground that the proof did not tend to show that the plaintiff was the owner and entitled to possession of the animals in controversy, or, if such owner, was entitled to such immediate possession at the time of the beginning of this action, which objections were likewise sustained.

In this connection we think it sufficient to call attention to the will of the testator, which provided, among other things, that after the payment of all just debts the estate should be divided among the four sons of the testator in equal parts, share and share alike. The executor was given full power to sell, dispose of all property of whatsoever kind or character, and was requested and directed at an early date to sell and dispose of all personal property, the direction being:

"Particulary my sheep, and instead of turning over to said sons the said sheep and personal property, that he turn over to them the proceeds of the same."

The same direction was made concerning the disposition of the real estate. This direction contained in the will was unequivocal and left no choice in the executor, or right of election as to what should be done. The principle controlling is thus laid down in 18 Cyc. 207:

"A testator's wishes and directions, not precatory merely, must be followed if possible in all particulars, unless some appropriate tribunal authorize the executor to swerve aside." Hall v. Cushing, 9 Pick. (Mass.), 395; Voorhees v. Stoothoff, 11 N. J. Law, 145; Hutton v. Hutton, 41 N. J. Eq. 267, 3 Atl. 882.

It cannot be urged, we believe, that the probate court authorized any deviation from the terms of the will, although the report of the administrator which was tendered in evidence was shown to have been approved by the court.

This report, however, as we have indicated, did not amount to a showing of distribution of the property in kind, and we must presume that the administrator had not disobeyed the conditions of the will, but had simply reported holding the share of the estate to which James Sakariason was entitled under the terms of the will. There was no attempt to show that the legatees had sought for a distribution in kind, or had elected to take such a distribution.

Assuming, however, for the purpose of argument, that the distribution of the personal property in kind had been agreed upon between the administrator and the legatees in violation of the express condition referred to, we do not agree that the court, at least in the informal manner shown by this record, without a hearing upon the question and a showing of necessity, produced perhaps, by inability to carry out the condition of the will of the testator, could authorize, direct, or approve a distribution under the circumstances of this case.

In the case of Burton et al. v. Yeldell et al., 9 Rich. Eq. (S. C.) 9, which is a case somewhat similar in facts, the testator had directed his estate to be sold and the proceeds bequeathed to his daughter for life with remainder to her lineal descendants. On bill filed by the daughter, her husband and their children, to prevent the sale and have the property itself, consisting of land and negroes, settled, according to the terms of the will, the court refused to interfere with the scheme of the testator. In this case it was asserted that it would conduce greatly to the interest of the beneficiaries under the will, and particularly to the infant remaindermen, that the property should be settled specifically on Mrs. Burton and her children. Evidence was introduced to show that a larger income would be derived and the capital increased by granting the prayer of the bill. The court, however, said:

"But, sitting here, we have no means, if we had the authority, to inquire into the various motives which may have influenced his determination. It is the province of the court to ascertain and declare the intention of the testator, but neither to make nor unmake his will."

The bill was therefore dismissed.

We conclude that the rejection of the evidence offered to show that the administrator had made a distribution of the personal property of the estate was not erroneous, as contended by appellants.

Our conclusion in these two matters disposes of the appeal, save for a further contention of appellants to the effect that the judgment of the district court should be set aside by this court because this action is predicated upon the wrongful attachment of the sheep of plaintiff under an execution issued in the case of Bruton v. Sakariason et al.; the judgment in which last-mentioned case has been reversed by this court subsequent to the judgment of this case in the lower court. This question was not raised in the lower court, for obvious reasons, and the merits of the contention are not before us, except so far as contained in appellant's brief. If the objection is a valid one it can be and should be raised by audita querela in the trial court, and such relief secured as appellants may be there shown to be entitled to. For this reason we decline to pass upon the question at this time.

Finding no error in the record, the judgment of the lower court is affirmed; and it is so ordered.

PARKER and ROBERTS, JJ., concur.