Nov. Term, 1827.

STEGARS
v.
THE STATE.

*Per Curiam.*—The judgment is affirmed with costs.

*Howard,* for the plaintiff.

*Whitcomb,* for the state.

---

### STEGARS v. THE STATE.

The surety in a recognizance before a justice of the peace, for the principal's appearance at the Circuit Court to answer a criminal charge, cannot discharge himself by a surrender of his principal to the justice.

The surrender in such cases, accompanied by a certified copy of the recognizance, may be made to the sheriff.

*Saturday,*
*November 17.*

ERROR to the *Rush* Circuit Court.

HOLMAN, J.—Scire facias on a recognizance stating that *John Moore* and *William Stegars,* on the 8th of *February,* 1827,

appeared before *Daniel Lanman*, a justice of the peace, and acknowledged themselves to owe the state of *Indiana* 200 dollars each; to be levied, &c.; conditioned that said *Moore* should appear at the next Circuit Court and answer to a charge of perjury; that *Moore* failed to appear, and that *Stegars*, when required, failed to bring in his body in discharge of his recognizance; that thereupon judgment was entered up against *Stegars*, and a scire facias awarded against him to show cause why the state should not have execution on said judgment. The scire facias was returned "not found." Afterwards the defendant appeared by his counsel, obtained oyer of the recognizance and scire facias, and pleaded three several pleas in bar. These pleas are drawn out to a considerable length, but are in substance as follows:—

First, that said *Moore*, being surrendered by the defendant as his bail to a proper tribunal, and being in the custody of a proper officer, to wit, a constable, by virtue of said surrender, was brought before an associate judge in obedience to a writ of habeas corpus, by the constable, who made his return "without any papers to show why he was detained in the custody of the said *Lanman;*" and that the said judge ordered the said *Moore* to be discharged, who thereupon was discharged accordingly; averring that the said *Moore* so discharged, and the said *Moore* named in said recognizance, were the same person, and that there was no other charge against him but the charge in the recognizance. Secondly, that after entering into the recognizance, and before the recognizance was returned into Court, he retook the said *Moore* as his bail, and afterwards, on the same day of the date of the recognizance, delivered him to the said justice, and into the custody of the acting constable of said justice; and that said *Moore* was then and there received by the said justice and constable in discharge of said recognizance, and to answer to the state for the said offence. Thirdly, that on the — day of —, 1827, he surrendered up the said *Moore* to the said justice, at his office, who had full authority to receive said *Moore*, and did receive him and commit him to the custody of a constable; averring that the surrender was made by the defendant, as ·the bail of the said *Moore*, in discharge of his recognizance.

The attorney for the state demurred to these pleas; the demurrer was sustained by the Court, and execution awarded.

The plaintiff in error contends here, that he had a right to surrender his principal to the justice of the peace who took the recognizance, at any time before the recognizance was returned into Court. If he is correct in this position, and his right to make the surrender does not exist after the recognizance is returned into Court, his first and third pleas must fail; because they do not show the time when the surrender was made, nor that it was made while the recognizance remained with the justice of the peace; and more especially the first, because it does not state that the surrender was made to the justice of the peace, but to a *proper tribunal.* The second is therefore the only plea that requires our attention. This plea avers a surrender of the principal to the justice of the peace, on the day the recognizance was taken, and before it was returned into Court. It becomes therefore necessary to inquire whether the bail had a right to make such a surrender. That he would have this right, if we were governed by the *English* practice, seems to be conceded; but such a right does not seem to be consistent with our system of jurisprudence, nor does it appear to have been contemplated by our legislature. As a general rule it would be extremely inconvenient and dangerous. A justice of the peace, in this state, is not considered as having a ministerial officer at all times attending upon him; and in the absence of his officer, he is unprepared to detain a prisoner, or to conduct him to prison. So that, independently of any act of the legislature, he would be an improper officer to receive the prisoner at any time the bail might think proper to surrender him. But the legislature has made ample provision, in all such cases, by authorising sureties in criminal cases to surrender their principals to the sheriff, with a certified copy of the recognizance. R. C. 1824, p. 379 (1). This seems to be the only mode contemplated by the legislature, and the only mode that could be safely and conveniently pursued in this country. We therefore think, that the right of surrendering the principal to the justice of the peace, even before the removal of the recognizance, does not exist.

But this plea further states, that the justice of the peace received the principal in discharge of the recognizance, and com-

mitted him to the custody of the constable. If such a surrender was unauthorised by law, and the bail had no right to make it, the act of the justice of the peace could not affect the case. The act of assembly authorising the justice of the peace to take the recognizance, R. C. 1824, p. 236, requires him to return the recognizance into the Circuit Court, or to transmit it to the prosecuting attorney, or clerk, at as early a time as is convenient before the sitting of the Court (2); and does not contemplate his doing any other act, relative to the prisoner, after taking the recognizance, besides making such return. There, however, can be no doubt but that while all the parties are yet before him, he might, at the request of the bail, cancel the recognizance, and proceed in the case as if no recognizance had been taken. But after he has disposed of the case, and dismissed the parties from before him, the only legal act that remains for him to do in the case is, to return the recognizance into Court. And the only way that the bail could then exonerate himself from his responsibility would be to surrender the principal to the sheriff. Had this method been pursued in this case, it is not probable that the prisoner would have been discharged, as is stated in the first plea; the officer having him in custody would have been able to show a good cause for detaining him. The result of the case before the associate judge, clearly shows the impolicy of pursuing any other method of surrender, than that prescribed by the act of assembly.

There are some other questions raised in this case but they are without weight. There is nothing in the objection, that the recognizance was not signed by the recognizors. See 1 Chitt. C. L. 104. And the pretext for the objection, that the scire facias was not executed, was at an end as soon as the defendant appeared to the action.

*Per Curiam.*—The judgment is affirmed with costs.

*Rariden* and *Sweetser*, for the plaintiff.

*Whitcomb*, for the state.

(1) R. C. 1831, p. 197, sec. 92, accord.

(2) R. C. 1831, p. 293, accord.