*May Term, 1849.*

LORANCE
v.
THE STATE.

---

## LORANCE *v.* THE STATE.

The sureties on a recognizance to answer a criminal charge, may, at any time before judgment on *scire facias*, surrender their principal, and be released from liability on the recognizance, and such release does not discharge the principal.

APPEAL from the *Warrick* Circuit Court.

SMITH, J.—*Scire facias* against *David N. Lorance, Curtis Cook*, and *George Rice*, to require them to show cause why the state should not have execution upon a forfeited recognizance. The recognizance was joint, and was conditioned that the said *Lorance* should appear at the then next term of the *Warrick* Circuit Court to answer to an indictment for an assault and battery with intent to commit murder. Upon the return of the *scire facias*, and before any further proceedings were had, *Cook* and *Rice*, who were sureties of *Lorance*, brought the body of the latter into Court and he was taken into custody. The sureties were then discharged from further liability on the recognizance, upon payment of costs. *Lorance* moved the Court to discharge him also, but his motion was overruled, and judgment was rendered that the state have execution against him, &c.

It is contended by the appellant that, as he was bound jointly with his sureties by the recognizance, the discharge

*Thursday, May 31.*

of the latter in effect discharged him also. This would, no doubt, have been the case, if the common law principles relative to the release of joint obligors were applicable. We think, however, our statutory provisions authorize such a judgment as was rendered in this instance. The sureties may, at any time before a judgment is rendered upon *scire facias*, surrender their principal in open Court or to the sheriff, and it is provided that, upon such surrender, the bail shall be discharged from all further liability on their recognizance. It is also provided that, when any action is brought on behalf of the state against a principal or surety in any recognizance, when the penalty has been adjudged forfeited, the Court may remit any part or the whole of such penalty, according to the circumstances of the case and the situation of the party, and upon such terms and conditions as to the Court shall seem just and reasonable. R. S. p. 991, ss. 30–1–2–3. The discharge of the sureties is no injury to the principal, as his property would be liable to be first taken in execution, and if the legislature has thought proper to permit the former to exonerate themselves upon the performance of certain conditions, the latter has no reason to complain. If it had been intended to have extended the benefits of the release or discharge of the sureties in such cases to the principal also, we think, it would have been so 'expressed, especially as the statute does give a discretionary power to the Court to discharge either principal or surety whenever the circumstances of the case may render such a discharge expedient.

*Per Curiam.*—The judgment is affirmed with costs.

*C. Baker*, for the appellant.

*J. L. Ketcham*, for the state.