## McGuire v. The State.

The quashing of a writ of *scire facias* issued upon a forfeited recognizance, is, if the writ is not a nullity, a final judgment.

A motion by a surety to be discharged from the forfeiture of a recognizance, should be supported by a petition, affidavit, or an entry upon the order-book, showing the grounds of the motion.

Motion by principal and bail to set aside the forfeiture of a recognizance. *Held*, that the motion was not within s. 44, p. 366, 2 R. S. 1852.

APPEAL from the *Owen* Circuit Court.

Hovey, J.—Motion to be discharged from a forfeited recognizance.

*Harvey McGuire* was indicted for rape in the *Owen* Circuit Court, and *John McGuire* became his bail for his appearance to answer the charge.

At the *May* term, 1853, of said Court, the recognizance was forfeited, and a *scire facias* awarded. On the *second* day of the *November* term, 1853, the Court, on the motion of *John* and *Harvey McGuire*, quashed the *scire facias*.

The bill of exceptions states, that *Harvey McGuire* appeared, and was ordered by the Court into the custody of the sheriff; that "he answered the indictment, and after

the same had been finally disposed of, and there being no final judgment on the forfeiture," *John McGuire*, by his attorney, on the *fourth* day of the term last aforesaid, moved the Court, upon the payment of costs, to discharge him from the forfeiture entered on said recognizance; which motion was overruled by the Court.

A large part of the record has nothing to do with the case before this Court.

On the *second* day of the *May* term of the *Owen* Circuit Court, the writ of *scire facias* against *Harvey McGuire* and *John McGuire* was quashed. The quashing of the writ put an end to that suit, and was (if the writ was not a nullity) a final judgment, so far as that case is concerned. *Cole et al.* v. *Peniwell et al.*, 5 Blackf. 175. As no provision is made in the R. S. 1852 for issuing writs of *scire facias*, the Circuit Court may have regarded the proceedings under that writ as void, and arrived at the conclusion that "there had been no final judgment on said forfeiture;" but in either view, the *scire facias* was no part of the proceedings in this case. If legal and quashed, it was a final judgment, and out of Court before this motion was made; and if illegal, void, and out of Court, it could not have been the basis for such a motion.

The record being thus stripped of the extraneous facts, it remains for us to inquire, whether the facts *legitimately* before us would justify this Court in reversing the ruling of the Court below.

The facts upon which such motions are made should appear by petition, affidavit, or the order-book, so that the adverse party and the Court may clearly understand what is relied upon for the discharge.

The first appearance of this motion on the record, is as follows:

"And afterwards, to-wit, on the *fourth* day of said term, come the defendants, and move the Court to set aside the forfeiture entered at the last term; and argument being had, and the Court being fully advised of said motion, do order that the same be overruled, to which opinion of the

Court in overruling said motion, the defendants, by their counsel, except, and file their bill of exceptions herein."

The 44th section, 2 vol. R. S. 1852, page 366, under which this motion was made, provides, that the *bail*, at any time before final judgment against him, may surrender his principal, and upon the payment of all costs, the Court may discharge *him* from further liability on the recognizance.

The motion on the order-book is not within this section, as it seeks to set aside the forfeiture against *the principal*, as well as the bail; and as there is nothing legally before us that shows upon what facts the motion was based, we will not presume that the Circuit Court erred.

*Per Curiam.*—The judgment is affirmed with costs.

*W. M. Franklin*, for the appellant.