No. 12,282.

### THE STATE v. ROWE ET AL.

RECOGNIZANCE.—*Forfeiture.*—*Surrender of Principal by Bail before Final Judgment.*—*Constitutional Law.*—*Case Distinguished.*—Section 1718, R. S. 1881, which provides that " The bail, at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court or to the sheriff, and, upon payment of such costs as the court may adjudge to be paid by him, may thereupon be discharged from any further liability upon the recognizance," is constitutional. *Butler* v. *State*, 97 Ind. 373, distinguished.

SAME.—*Remission of Fines and Forfeitures by Governor.*—Section 17, of article 5, of the State Constitution, investing in the Governor "power to remit fines and forfeitures," has reference to fines and forfeitures which have been adjudged, while section 1718 relates to the discharge of liability before judgment.

From the Pike Circuit Court.

*F. T. Hord*, Attorney General, and *W. B. Hord*, for the State.

MITCHELL, C. J.—The State of Indiana presents a question for our decision involving the constitutionality of section 1718, R. S. 1881.

This section relates to the surrender, by his bail, of one who is under recognizance to answer a criminal charge after forfeiture and before final judgment on such recognizance. It is as follows: " The bail, at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court or to the sheriff, and, upon payment of such costs as the court may adjudge to be paid by him, may thereupon be discharged from any further liability upon the recognizance."

The State *v.* Rowe *et al.*

Rowe had been recognized by a justice of the peace to appear at an ensuing term of the Pike Circuit Court to answer a criminal charge. Failing to appear, his recognizance was forfeited, as well against himself as against his bail. Subsequently, he was taken in custody by his bail and produced in open court and surrendered pursuant to the provisions of the statute above set out. The court thereupon adjudged against them the payment of the costs occasioned by the forfeiture of the recognizance, the clerk's, sheriff's and prosecuting attorney's costs, and the costs in the civil suits pending for the collection of the recognizance, and upon showing that such costs had been paid, an order was entered discharging them from further liability on the recognizance.

In a suit to recover upon the forfeited recognizance, it was held as a conclusion of law upon the facts found, that the discharge so adjudged was valid and effectual as to the bail, and from this judgment the State appeals.

The contention on behalf of the State is that the discharge by the court is in effect the remission of a forfeiture, and that under section 17 of article 5 of the Constitution of the State of Indiana, the Governor is invested with the exclusive "power to remit fines and forfeitures," and that, therefore, the section above set out is inoperative and void, as being an attempt to invest the judicial with power exclusively committed to the executive department of the government.

The case of *Butler* v. *State*, 97 Ind. 373, is relied on as being conclusive of the question. In that case, the validity of section 1888, R. S. 1881, which authorizes this court in certain criminal cases to suspend the execution of sentence, pending an appeal, was the only question directly involved. It was there held that the suspension of sentence was in effect a respite or reprieve, and that the power to grant reprieves was by the Constitution exclusively committed to the executive, and that, being so committed, the Legislature could not confer it upon the court.

Incidentally, it was said by the learned judge who wrote

the opinion, that section 1724, under which it had been held in *State* v. *Shideler*, 51 Ind. 64, and *State, ex rel.*, v. *Speck*, 20 Ind. 211, that a forfeiture in a proper case might be remitted by the court, was obnoxious to the same objection as section 1888, and the ruling in the cases above cited was disapproved.

If we should concede that what was said in respect of the power of the court, under section 1724, was properly in the line of the case there in judgment, it nevertheless does not affect the question with which we are here concerned.

That section relates to the remission of a forfeiture after judgment on the forfeited recognizance; the one here in question concerns the manner in which recognizors may satisfy and discharge the recognizance after forfeiture and before final judgment.

That it is competent for the Legislature to prescribe terms or conditions upon which the court may adjudge a satisfaction of, or discharge from, a forfeited recognizance, we have no doubt. In the supposition of law, the principal is in the custody of his bail from the time recognizance is entered, and they are responsible for his appearance until discharged according to law. The recognizance is designed as a means of compelling the principal's appearance for trial, and for his submission, if found guilty, to the punishment which the law ordains for the offence for which he has been put under recognizance. The theory of the law is that although the principal has escaped from the custody of his bail, so that he can not produce him in discharge of his recognizance according to its terms, yet, inasmuch as the State prefers that the criminal should be surrendered for trial and punishment rather than that the penalty of the forfeited bond should be paid into the public treasury, it says, in effect, produce the criminal in open court at any time before final judgment, pay such costs as the court may adjudge, and this shall be accepted in discharge of the bond.

The sense in which the Governor may be authorized to " remit fines and forfeitures," is that he may release or absolve

the person against whom a fine or forfeiture has been adjudged, from its payment after judgment. The statute here in question does not provide for absolution from an adjudged forfeiture. The import of it is that until a final judgment has been pronounced recognizors may discharge the liability incurred by the escape of their principal by re-taking and surrendering him in the manner prescribed, and paying the adjudged costs.

There was no error in the judgment of the circuit court, and it is accordingly affirmed.

