The State *v.* Warwick *et al..*

No. 444.

## THE STATE *v.* WARWICK ET AL.

RECOGNIZANCE.—*Judgment of Forfeiture.—Rearrest of Defendant.—Judgment not Affected Thereby.—Section 1724, R. S. 1881, Construed.*—An affidavit was filed before the mayor of a city charging a person with the misdemeanor of having been found in a public place in a state of intoxication. The defendant executed a bond, with a surety as required by law, for his appearance before the mayor at the time fixed for the trial of the case. He failed to appear at that time, and it appearing to the satisfaction of the court that he was absent without sufficient excuse, a judgment was duly rendered by the mayor that the recognizance be forfeited. The principal on said bond did not voluntarily surrender himself to the marshal of the city, or in open court before the mayor, nor did the surety on said bond surrender his principal, but the principal was rearrested by the marshal of the city after suit had been instituted on said bond, upon the same charge of intoxication, and upon the same affidavit upon which he was arrested, and upon and for which he entered into said recognizance bond, and was convicted of the offence charged.

*Held,* that the rearrest and conviction of the principal after the forfeiture of the bond did not release the obligors from their indebtedness upon the forfeited recognizance.

*Held,* also, that the principal was not entitled to release upon a forfeited recognizance, either in case of surrender by his bail or in case of rearrest.

*Held,* also, that section 1724, R. S. 1881, relates only to the remission of a forfeiture after judgment on the forfeited recognizance.

From the Howard Circuit Court.

*B. C. Moon,* for the State.

*J. F. Morrison,* for appellees.

BLACK, J.—This was an action upon a forfeited recognizance. The court rendered a special finding. The facts were stated, in substance, as follows:

On the 1st of December, 1890, an affidavit was filed before the mayor of the city of Kokomo by Albert Martin against the appellee Harvey Warwick, charging him with the misdemeanor of having been found in a public place in a state of intoxication, upon Buckeye street in said city, in

Howard county, State of Indiana, on the 30th of November, 1890; whereupon a warrant was issued to the marshal of said city for the arrest of said Warwick, and said marshal arrested him thereon and brought him into the court of said mayor. Thereafter, to procure his release from custody until the time set for the trial of said cause, said Warwick and the appellee Neil Thomas, as surety, executed a bond to the State of Indiana, in the penal sum of one hundred dollars, for his appearance before said mayor at the time fixed for said trial, December 9th, 1890, at 4 o'clock P. M., a copy of which bond is filed with the complaint in this action as an exhibit. The bond so referred to is as follows :

" We, Harvey Warwick and Neil Thomas, severally acknowledge ourselves bound unto the State of Indiana in the penal sum of one hundred dollars, if the said Harvey Warwick shall fail to appear before J. B. Kirkpatrick, mayor of Kokomo, Howard county, at his office therein, at 4 o'clock P. M. on the 9th day of December, 1890, to answer a charge of intoxication in a public place now pending before said mayor, and abide his judgment thereon. Witness our hands and seals this the 8th day of December, 1890.

" H. WARWICK. [SEAL.]

" NEIL THOMAS. [SEAL.]

"Approved by me.     J. B. KIRPATRICK, Mayor."

The court further found that the mayor of said city approved said bond, and released said Warwick from custody by reason of said bond; that said case was duly called for trial on the 9th day of December, 1890, at 4 o'clock P. M., and said Harvey Warwick being absent, he was called three times in open court, and his bondsman, the appellee Neil Thomas, was then and there three times called to bring into court the body of said Harvey Warwick in discharge of his recognizance, and said Harvey Warwick coming not, and it appearing to the court that he was absent without sufficient excuse, a judgment was then and there duly rendered by said mayor, and entered upon his docket in said cause, that said

recognizance be forfeited; that said recognizance, with a certificate of said forfeiture thereon endorsed, was duly filed in the office of the clerk of the Howard Circuit Court, on December 10th, 1890; and that the amount of said recognizance is wholly unpaid; that said Warwick did not voluntarily surrender himself to the marshal of said city or in open court before the mayor, nor did the appellee Neil Thomas, his bail, surrender him to the marshal or in open court, and neither of them attempted to do so at any time since the rendition of said judgment of forfeiture on said bond; but on the 9th of December, 1890, another warrant was issued by the mayor of said city and delivered to the marshal for the arrest of said Harvey Warwick upon said charge of intoxication, and said Warwick, on the 10th of December, 1890, after the filing of the complaint and the issuing of summons to the sheriff in this action upon said bond, was by the marshal of said city rearrested upon the same identical charge of intoxication, before the service of said summons by the sheriff, and upon the same identical affidavit upon which he was arrested, and upon and for which he entered into the recognizance bond herein sued on; that upon the trial before said mayor of the identical charge of intoxication for which the appellee executed said bond for said Warwick's appearance as aforesaid, being the bond herein sued on, he was convicted upon said charge, and a judgment of conviction being entered by said mayor, said Warwick caused replevin bail to be entered, and said judgment to be stayed for the period of ninety days from the date thereof, which judgment of conviction upon said charge of intoxication is still in full force and effect; that said judgment of conviction was rendered in the evening of December 10th, 1890, and the entry of replevin bail was made on December 11th, 1890; that the costs taxed upon said judgment of conviction included the costs and expenses made and occasioned by the forfeiture of said recognizance as aforesaid, and the default thereof and judgment of forfeiture, to the

amount of fifteen dollars, which costs were fully taxed and made a part of said judgment of conviction ; that this action was commenced on the 10th of December, 1890, before the conviction of said Warwick, and said summons was served on the same day.

Upon these facts the court stated the conclusions of law as follows :

" First.   That the rearrest of said Harvey Warwick by the marshal of the city of Kokomo, as stated in the foregoing finding of facts, discharged said Harvey Warwick and Neil Thomas from liability upon the recognizance in suit, and that plaintiff is not entitled to recover said penalty of one hundred dollars.

" Second.   That the defendants are not liable for the costs of this action."

That the mayor had authority to take the recognizance is not denied. It is not claimed that his jurisdiction is not sufficiently shown.   The validity of the bond is not questioned. It is not pretended that there was not sufficient reason for the forfeiture of the recognizance, or that the forfeiture was not properly entered.   The only question presented relates to the effect of the rearrest and conviction of the principal after the forfeiture.

The bond executed by the appellees was a contract by which they obtained the release of the principal from the custody of the officer of the law, and procured the privilege of his being in the keeping of the surety.   It was a contract to pay a certain sum to the State if the accused should not be present at a certain time and place.   He was not so present.   Whatever might have been the effect of the impossibility of performance of the condition, it does not appear that there was any impossibility.   No excuse whatever for the failure is shown.

Upon the forfeiture of the recognizance, there was an absolute debt to the State for the amount of the penalty, and a cause of action upon contract accrued at once.   *State* v. *In-*

*man,* 7 Blackf. 225; *Patterson* v. *State, ex rel.,* 12 Ind. 86; *Gachenheimer* v. *State,* 28 Ind. 91.

Upon what ground can it be held that because the State rearrested the principal, and secured his conviction of the crime with which he was charged, the obligors were relieved from their indebtedness upon the forfeited recognizance? Why should the liability to pay one hundred dollars upon contract be released because of arrest and conviction for a crime?

The law relating to recognizances taken by justices of the peace is applicable to recognizances taken by mayors. Section 3062, R. S. 1881; *State* v. *Soudriette,* 105 Ind. 306.

Section 1630, R. S. 1881, provides that when a continuance is had, the accused, if the offence be bailable, may enter into a recognizance before the justice, with good and sufficient surety, etc.

Section 1631 provides: " On the forfeiture of any recognizance taken by virtue of the last preceding section, the justice shall endorse thereon his certificate, stating in substance that such prisoner did not appear in discharge of such recognizance and abide the judgment of the court; and shall forthwith file such recognizance, so endorsed, with the clerk of the circuit court or other proper court. And such clerk shall forthwith record, in the order-book of his court, such recognizance and certificate of forfeiture, and note the same on the judgment docket; and such record shall have the same force and effect as other recognizances; and such certificate, or the record thereof, shall be presumptive evidence of the forfeiture of such recognizance."

Section 1718, R. S. 1881, provides: " The bail, at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court or to the sheriff, and, upon payment of such costs as the court may adjudge to be paid by him, may thereupon be discharged from any further liability upon the recognizance."

Inasmuch as the bail did not surrender, or seek to surrender,

the principal in the case at bar, we perhaps need not decide whether or not the last quoted section is applicable in case of a recognizance taken by a justice of the peace or a mayor upon the granting of a continuance in a case wherein such officer has jurisdiction to try the accused and acquit or convict and punish; and assuming the applicability of the statute in such a case, we need not resolve the doubt as to where or before what tribunal or officer the surrender of the principal may be made by the bail. See *Miller* v. *State*, 8 Blackf. 77; *Stegars* v. *State*, 2 Blackf. 104.

This right of the bail to obtain his discharge from the forfeited recognizance is statutory. It is absolute, and not dependent upon the favor and indulgence or the discretion of the court. *Woolfolk* v. *State*, 10 Ind. 532.

It is the policy of our law to enable a person accused of crime, except certain heinous offences, to be relieved from imprisonment, pending the investigation of the accusation, by provisions for letting him to bail. The custody of the accused is given to the bail. The State prefers the trial of the accused, and, if found guilty, his punishment; and, therefore, if, before final judgment upon the recognizance against the bail, he will surrender his principal, the bail, upon payment of the costs adjudged against him, will be discharged, notwithstanding the inconvenience to which the State may have been subjected by the failure of the accused to appear as stipulated, and notwithstanding the fact that by such indulgence to the bail a continuance without cause may be obtained, without pecuniary loss to the bail. This offer to release the bail is made as an incentive to him to aid the State, which still, though such assistance be not given, will pursue the accused. If the bail should not render the assistance for which such inducement is given, will he receive the same reward when the State, without his help, has rearrested, tried and convicted the accused? As soon as the forfeiture has been entered his liability is fixed, but he has the privilege

of securing his release from that liability in a specified man-
ner.    Shall the court substitute other reasons for his release
than those provided by. the statute?

When the bail has the statutory right to obtain his dis-
charge from liability by surrendering his principal before
final judgment upon the forfeited recognizance, the death of
the principal, after forfeiture, may be set up by the bail in
bar of the action against him on the forfeited recognizance,
except as to costs.    Woolfolk v. State, supra; Mather v. Peo-
ple, 12 Ill. 9.

Our statute providing such indulgence to the bail also pro-
vides means whereby he or any person authorized by him
may take the principal in any county within the State. Sec-
tion 1717, R. S. 1881.

If the bail is deprived of the power to surrender by the
death of the principal, the bail is prevented by the act of
God from doing what the statute requires for his discharge.

The purpose of the surrender contemplated by the statute
is that the accused may be subjected to the due course of law
upon the criminal charge.

When that has been done, the right to make the surrender
is gone, and the absolute indebtedness of the bail upon the
forfeited recognizance remains.

If, after the forfeiture, the bail has not surrendered the
principal, and the State itself has re-arrested, tried, convicted
and sentenced him, the State has done properly a thing to
guard against the necessity of doing which it took the re-
cognizance, and the bail has lost the right offered him by the
statute under consideration.

This provision for discharge by surrender applies only to
the bail, and the right is not affected by the conviction or
the acquittal of the principal.    If, pursuant to this statute,
the principal be surrendered by the bail, the right of the
principal, whether convicted or acquitted, to demand his dis-
charge from the forfeited recognizance could not be inferred

from this statute. Lorance v. State, 1 Ind. 359; McGuire v. State, 5 Ind. 65; Weese v. People, 19 Ill. 643.

If the principal, though absent at the time designated in the recognizance for his appearance for trial, might demand his release from liability on the forfeited recognizance by reason of the fact that afterward he was surrendered by the bail, then he alone, or he in collusion with the bail, might secure a continuance, without cause, from a time when the State had made preparation for the trial to a time when it would be deprived of necessary evidence, and otherwise not so well prepared as at the time with reference to which it had taken the recognizance.

Though the State offers to reward the bail for the surrender of his principal, it makes no such promise to the principal, either in case of surrender by the bail or in case of rearrest.

Assuming the statute relating to the surrender of the principal by the bail to be applicable in such a case as the one at bar, we are unable to see how it could require the discharge of either of the appellees from the forfeited recognizance.

It remains to be considered whether the appellees could be released under section 1724, R. S. 1881, which provides: "Any judgment upon a recognizance forfeited by the principal is collectible upon execution, although he is afterward arrested on the original charge, unless remitted by the court for cause shown."

An execution can not issue upon the entry of the fact of forfeiture, or judgment of forfeiture. Formerly an execution could be obtained by scire facias, or an action of debt would lie upon the forfeited recognizance.

In the revised statutes of 1843, provision was made (pp. 990-1) for the surrender of the principal by the bail, at any time before judgment was rendered upon scire facias on the recognizance, and it was provided that upon such surrender being made, the bail should be exonerated and discharged from further liability on the recognizance, except that if the

surrender were made after forfeiture, it should not exoner-
ate and discharge the bail from the amount of forfeiture in-
curred, but upon the payment of such costs of the forfeiture
and proceedings by *scire facias* as might be adjudged by
the court.    It was further provided (section 33) :   " When
any action by *scire facias* or otherwise is brought on behalf
of the State against a principal or surety in any recognizance
entered into either by a party or a witness in any criminal
prosecution, where the penalty of such recognizance has
been adjudged forfeited, the court may, on application of
the party defendant, remit any part or the whole of such
penalty, according to the circumstances of the case and the
situation of the party, and upon such terms and conditions
as to such court shall seem just and reasonable, and may
award execution accordingly."

This section gave the court, in such action, discretionary
power to discharge either the principal or the surety, when-
ever the circumstances of the case might render such a dis-
charge expedient.    *Lorance* v. *State, supra.*

The criminal code of 1852 did not contain such a provis-
ion as section 33, R. S. 1843, p. 991, quoted above.

Section 48 of the criminal code of 1852 (2 R. S. 1852, p.
366) provided, as does the criminal code of 1881 (section
1722, R. S. 1881), for an action governed by the rules of
civil pleading so far as applicable, to be brought " against
the bail upon the recognizance."

Section 50, 2 R. S. 1852, p. 367, was as follows :   "Any
recognizance forfeited by the principal is collectible upon
execution, although he is afterwards arrested on the original
charge, unless remitted by the court for cause shown."

In the criminal code of 1881 (section 1724, R. S. 1881,
*supra*), said section 50 of the code of 1852 is changed
by inserting between the first and second words thereof
the words "judgment upon a."    By this change it may have
been intended to indicate that, in order to have execu-

The State *v.* Warwick *et al.*

tion, a judgment must be obtained upon the forfeited recognizance.

In *State, ex rel.,* v.*Speck,* 20 Ind. 211, where the court, after judgment for the State in an action upon a forfeited recognizance, had remitted a portion of the judgment, without any cause shown, the Supreme Court held that this was error.

In *State* v. *Shideler,* 51 Ind. 64, the power of the court to remit a forfeiture upon motion was upheld under said section 50 of the criminal code of 1852.

In *Butler* v. *State,* 97 Ind. 373, said section 50 and said section 1724 were referred to, without mention of the change so. made in 1881, and it was said that these sections recognize the power of courts to remit forfeitures of recognizances, and it was said further that such power does not exist in the courts, and can not be conferred upon them under our constitution.

In *State* v. *Rowe,* 103 Ind. 118, it was held that the Legislature may prescribe terms or conditions upon which the court may adjudge a satisfaction of or discharge from a forfeited recognizance, and that the sense in which the Governor may be authorized to " remit fines and forfeitures " is that he may release or absolve the person against whom a fine or forfeiture has been adjudged, from its payment after judgment.

If, in an action upon a forfeited recognizance, the forfeiture could be remitted properly by the court under said section 50 of the criminal code of 1852, this could be done only for cause shown ; and whatever the cause it must have been something else than the fact that after the forfeiture the principal had been arrested on the original charge. That alone, by the terms of this statute, would not be sufficient to prevent collection by execution. The fact that the principal, besides having been arrested, had also been convicted on the original charge, could hardly be regarded as a cause for remission. Such a release would be by the favor of the court.

In *State* v. *Rowe, supra,* it was said that section 1724, *supra,* relates to the remission of a forfeiture after judgment on the forfeited recognizance.   If this be correct, the section in question does not relate to a remission of the forfeiture in such an action as the one at bar.   Said section 1724, by its form, presupposes the existence of a judgment upon the forfeited recognizance.   It says such a judgment is collectible upon execution, unless there be a remission.   If the forfeiture were remitted in the action on the recognizance, there would be no judgment to be collected upon execution.   The collection of the judgment upon execution could not be prevented by a remission other than a remission after the judgment.

The facts stated by the court do not authorize the release of either of the appellees.

The judgment is reversed, and the cause is remanded, with instruction to state conclusions of law in accordance with this opinion, and to render judgment accordingly.

