THE STATE, *Appellant*, v. TAYLOR *et al.* *

Division Two, December 15, 1896.

Bail: FORFEITURE: DISCHARGE FROM LIABILITY: STATUTE. Under Revised Statutes, 1889, sections 4131 and 4134, relating to bail, the court is authorized, where the principal is, after forfeiture, rearrested by the state on the same charge, at any time before final judgment against the bail to discharge the latter from liability on the payment of costs of the forfeiture, and on showing good cause for the discharge.

*Appeal from Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*R. F. Walker*, attorney general, for the state.

*E. R. Stephens* and *D. M. Wilson* for respondents.

(1) The act of the law rendering it impossible for the bail to produce the principal in court will excuse

---

*Another case of *State v. Taylor*, involving the same questions of law was, on December 15, 1896, affirmed upon the authority of the above case.—REPORTER.

the security. *Belding v. State*, 99 Am. Dec. 214; *People v. Bartlett*, 3 Hill, 570. (2) Bail are entitled to relief where the surrender of the principal is made impossible by act of the law, on the principle that as the power of making the surrender is taken away by act of the law, the obligation to surrender is discharged by law. *Steelman v. Mattix*, 20 Am. Rep. 389; *Taylor v. Tainter*, 16 Wall. 366. (3) The bail may surrender his principal by causing his arrest, which is equivalent to a delivery, and releases the bail from liability on the bond. *Sternberg v. State*, 42 Ark. 127; *Commonwealth v. Brownson*, 14 B. Mon. 361. (4) Sureties on the bail bond of one who has fled into another state may follow and arrest him either in person or by agent; and the fact that the bond has been conditionally forfeited and a *scire facias* issued is immaterial. *State v. Lingerfelt*, 14 L. R. A. 605. (5) The court was authorized under our statutory provisions to relieve the bail. R. S. 1889, secs. 4129, 4132, 4134.

GANTT, P. J.—At the December term, 1893, of the circuit court of Linn county, James C. Taylor and George W. Taylor entered into a recognizance as sureties for the appearance of George E. Taylor and William P. Taylor at the June term, 1894, to answer an indictment for forgery. Default was made at said June term and a forfeiture taken. A *capias* was issued and *scire facias* ordered on the recognizance. On June 28, 1894, the principals were arrested by the sheriff of Linn county, and confined by him in jail from that time on until they were brought by him into open court. On June 30, 1894, two days after they had been in the custody of the sheriff, *scire facias* issued on the forfeited recognizance. On December 10, 1894, the sureties procured a copy of the recognizance from the clerk, which was delivered to the sheriff, and he authorized by them to take the

principals.    After this was done, and on the same day, the sheriff brought the principals into open court, having in his hands at the same time the *capias* issued on the original indictment, and another *capias* issued on an indictment for murder.    Thereupon, the sureties filed their motion asking the court to set aside the forfeiture and dismiss the *scire facias*, they having paid all costs occasioned by the forfeiture and all costs accrued at the term to which the prisoners were recognized to appear.    To this motion the state filed an answer.  Issue was joined, and on the hearing the court rendered judgment discharging the sureties from further liability upon the recognizance.    From this judgment the state has appealed to this court.

The question presented on the record is:    Where a forfeiture has been taken, and the principal is afterward brought into open court before final judgment, has the circuit court the power to discharge the sureties from further liability on their recognizance on payment of all costs occasioned by the forfeiture, and all costs accrued at the term to which the principal was recognized to appear?

I.    Our statutory law relating to the question mooted will be found in sections 4130, 4131, 4132 and 4134, Revised Statutes, 1889.

By section 4130 a bail may surrender his principal by procuring a certified copy of the recognizance from the clerk and arresting the principal and turning him over to the sheriff.

By section 4131 he is authorized to do this "at any time before final judgment against him upon a forfeited recognizance."    He may surrender him either to the court or sheriff, and upon the payment of all costs that have accrued at the term at which the principal was bound to appear, the bail may be discharged from further liability upon the recognizance.    A formal deliv-

ery of the certified copy of the recognizance with the prisoner is deemed a surrender.

By section 4134 it is provided: "If without sufficient cause or excuse, the defendant fails to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and thereupon the recognizance is forfeited, and the same shall be proceeded upon by *scire facias* to final judgment and execution thereon, although the defendant may 'be afterward arrested on the original charge, *unless remitted by the court for cause shown.*"

The facts of this case bring it within the scope of section 4134, and the sole question is the *power* of the court for good cause shown to remit further liability after the sureties or bail have paid all the costs occasioned by the failure of their principal to appear.

A recognizance of bail in a criminal case is taken to secure the attendance of the party accused to answer the indictment and submit to trial and sentence, if adjudged guilty. It is not intended under any circumstances to be a satisfaction of the offense, if it should be forfeited and paid. It is merely a means to compel the attendance of the accused in lieu of the harsher alternative of incarceration in prison pending the preparation for trial.

The general equity of our statute permits the bail as a matter of absolute law to surrender his principal at any time prior to final judgment on the recognizance. But inasmuch as the state can also arrest the defaulting principal when he forfeits his recognizance, it was evident to the legislature, that it might often occur that the bail might not be able to find and arrest his principal, however willing and desirous he might

be of so doing, and the sheriff might succeed in so doing, and thus, as in this case, the bail could not show an arrest and surrender within the meaning of section 4131. Hence, it was deemed best to authorize the court to remit the further liability if good cause was shown therefor.

The statute had already indicated that if the bail should succeed in arresting his principal, and should pay all costs occasioned by the forfeiture, and all costs that might accrue at the term to which the prisoner was recognized for trial, *that* should be deemed a sufficient reason why the bail should not be further punished. And by analogy the courts having criminal jurisdiction in this state have, in the absence of proof of connivance in flight, or a deliberate purpose to aid the principal in evading justice, usually held that if the principal afterward voluntarily appeared, and submitted himself for trial, or was recaptured, and the sureties paid up all the costs occasioned by the forfeiture, and the costs of the term to which the recognizance bound the principal to appear, that they would set aside the forfeiture and discharge the bail. This was done in this case, and we think no doubt can be entertained that section 4134 confers *the power upon the court*, and that the court acted in consonance with the usual practice in such cases.

We find nothing in the record which tends to show an unwise exercise of the discretion conferred by the statute, and we accordingly affirm the judgment of the circuit court. SHERWOOD and BURGESS, JJ., concur.