THE STATE v. OSBORN ET AL.

[No. 19,497.   Filed October 31, 1900.]

RECOGNIZANCE.—*Action Against Sureties.*—*Defense.*—*Indictment in Another County.*—In an action against the sureties on the forfeited recognizance of one charged with a felony, it is no defense that the accused had been indicted for the same offense in another county. *pp. 386-390.*

SAME.—*Action on Forfeited Recognizance.*—*Insufficiency of Affidavit.* —The insufficiency of an affidavit and information, in that they failed to show that the person whose name was signed to the jurat was an officer authorized to administer oaths, is no defense to an action on a forfeited recognizance. *p. 390.*

SAME.—*Action on Forfeited Recognizance.*—*Defense.*—In an action against the sureties on a forfeited recognizance, it is no defense that the State, in attempting to arrest the accused on an indictment in another county for the same crime, caused the accused to conceal himself so that the sureties were unable to perform their obligation. *pp. 392, 393.*

From the Parke Circuit Court.   *Reversed.*

*W. L. Taylor,* Attorney-General, *J. M. Johns, F. F. James, Merrill Moores* and *C. C. Hadley,* for State.

*J. T. Johnson, J. S. White, D. H. Maxwell* and *H. Maxwell,* for appellees.

MONKS, J.—An affidavit and information charging one Joel C. Osborn with having committed the crime of rape in Parke county, Indiana, were filed in the court below. The court ordered a bench warrant to be issued thereon to the sheriff of said county, who arrested said Osborn. Said Osborn appeared in open court on said day, in person and by counsel, and moved the court to quash the affidavit and information, which motion was by the court overruled. Osborn thereupon waived an arraignment, and entered a plea of not guilty to said charge, and, on motion, the cause was continued until the next term of the court, and said Osborn and appellees duly entered into a continuing recognizance

for the appearance of the accused to answer said charge. At the next term of the court, the accused failing to appear and answer said charge, said recognizance was duly forfeited, and a judgment of forfeiture was duly entered of record by the court.

Suit was instituted against appellees, the sureties on said recognizance, and they filed an answer in two paragraphs. Appellant's demurrer to each of said paragraphs of answer was overruled. A reply was filed to said answer, to which a demurrer for want of facts was sustained by the court, and, appellant failing and refusing to plead further, judgment was rendered in favor of appellees. The only errors assigned and not waived call in question the sufficiency of each paragraph of answer.

It is alleged in the first paragraph of answer that the facts upon which the accused was charged occurred wholly in Vermillion county, and not in Parke county; that the crime, if any there was, was committed in Vermillion county; that, since the filing of said affidavit and information in the cause in which said recognizance sued upon was given, the grand jury of Vermillion county, Indiana, has presented an indictment against said Joel C. Osborn, wherein and whereby he is charged with the identical and same crime charged against him in the affidavit and information pending in this court, in which action this recognizance was given; and that said indictment is now pending in the Vermillion Circuit Court, and that said court has jurisdiction of the crime charged.

The second paragraph of answer contains the same allegations as the first paragraph, and it is further alleged that the jurat to the affidavit in the case in which said recognizance was given, was as follows: "Subscribed and sworn to before me, this 15th day of May, 1889." Signed "J. E. Harshbarger". "That after the arrest of said Osborn on the warrant in said cause, and after the recognizance sued upon was given, an affidavit was filed before a justice of the

peace in Vermillion county, Indiana, charging said Osborn with the same crime as having been committed in that county; that a warrant was issued thereon by said justice of the peace, and placed in the hands of a constable for service, who at once took the same to the home of the said Joel C. Osborn, for the purpose of arresting him on said charge; that said Osborn was near his home in Parke county, and made no effort to leave said county, or conceal himself from the sureties on his recognizance, or any officer or person, but, on learning that the constable was seeking to arrest him on said charge, concealed himself from said constable and departed from said Parke county, and has remained away and concealed, and where he is now is unknown to these defendants; that said departure and concealment would not have occurred had not said constable sought to arrest him on said warrant for said charge so filed by the State of Indiana before said justice of the peace; that a warrant was issued on the indictment in the ·Vermillion ·Circuit Court, which the sheriff of that county has been endeavoring to execute, which indictment and the case before said justice of the peace are now pending; that when the prosecuting attorney asked the court to enter a judgment of forfeiture of said recognizance, and before any steps were taken for that purpose, these defendants, sureties on said recognizance, filed written objections to said forfeiture (being the same, in substance, as the matters set up in the first paragraph of answer), which objections were overruled by the court, to which appellees excepted." It is insisted by appellees that the facts alleged in said paragraphs of answer show that the Parke Circuit Court had no jurisdiction of the offense charged in the affidavit and information and could not legally require the accused to enter into the recognizance sued upon. That the commencement of a prosecution for the same offense before a justice of the peace of Vermillion county, and the issuance of the warrant for the arrest of said Joel C. Osborn by said justice, and the re-

turn of said indictment in Vermillion county as alleged, amounted to a dismissal or discontinuance of the case in which the recognizance was given.

It is true that it has been decided that a recognizance taken in a case where the court has no jurisdiction cannot be enforced. *State* v. *Winninger,* 81 Ind. 51, 53; *State* v. *Wenzel,* 77 Ind. 428, 430. Jurisdiction is the authority to hear and determine a cause. *Lantz* v. *Maffett,* 102 Ind. 23, 28, and cases cited. *Quarl* v. *Abbett,* 102 Ind. 233-239, 52 Am. Rep. 662, and cases cited. *Board, etc.,* v. *Markle,* 46 Ind. 96; *Smurr* v. *State,* 105 Ind. 125, 127; *Spencer* v. *McGonagle,* 107 Ind. 410, 416. The rule is that when a court has jurisdiction of the general subject and its jurisdiction of the particular case depends upon a fact or facts which are to be tried and determined, the decision of the tribunal, even though erroneous, is not void, but is conclusive against collateral attack. *Tucker* v. *Sellers,* 130 Ind. 514, 517, and cases cited. *McEneney* v. *Town of Sullivan,* 125 Ind. 407, 412, and cases cited.

The affidavit and information charged the accused, Joel C. Osborn, with a felony, and that it was committed in Parke county, Indiana. In said criminal cause it was necessary to prove that the offense was committed in the county of Parke as alleged, the same being the territorial jurisdiction of the said court, in order to entitle the State to a conviction. The fact that the offense set forth in an indictment or affidavit and information was actually committed in a county other than the one alleged does not affect the jurisdiction of the court to try and determine the cause, for the reason that the jurisdiction over the subject-matter of the offense charged depends upon the allegations of said indictment or affidavit and information, and not upon the actual facts. As the allegation that the offense was committed in said county gave the Parke Circuit Court jurisdiction to try said cause, and hear the evidence, and necessarily, therefore, the power to decide the cause, it follows

that if the accused had gone to trial on his plea of not guilty, and the evidence had failed to show that the offense was committed in Parke county, or if it showed that said offense was committed, but not in said county, a conviction would have been erroneous, but not void. This is true, because the authority to decide at all involves the authority to decide wrong as well as right. *Spencer* v. *McGonagle,* 107 Ind. 410, 416, 417; *Lantz* v. *Maffett,* 102 Ind. 23, 28; *Snelson* v. *State,* 16 Ind. 29. Such conviction would therefore have been conclusive against collateral attack not only as to the commission of the offense but that the same was committed in Parke county as alleged. See authorities heretofore cited. The only relief from the judgment in such case would have been by presenting the question to the trial court by a motion for a new trial, and, if overruled, an appeal to the proper court. Said Parke Circuit Court, having jurisdiction to try and determine the case set forth in the affidavit and information, had full and complete jurisdiction to require that said recognizance be given. If, on the trial of a criminal cause, proof that a crime was committed without the territorial jurisdiction of the court, that is, in a county other than the one alleged, does not affect the jurisdiction of the court to try said cause and determine either right or wrong, it is clear that such an allegation and proof in an action on a forfeited recognizance would be no defense thereto nor prevent a recovery thereon.

It is evident that the question of the guilt or innocence of Joel C. Osborn of the offense charged in the affidavit and information can not be presented or tried in an action on said forfeited recognizance, nor is his innocence a defense thereto. *Dilley* v. *State,* 2 Idaho 1011, 1014, 29 Pac. 48. If not, then no facts contradicting any allegation contained in said affidavit and information, the proof of which would be essential to his conviction in said cause, will constitute a defense to said action on said forfeited recognizance. This is true because the recognizance was given to secure

the presence of the accused in order that the truth of said allegations might be tried and determined in said criminal cause. To hold that such defenses could be made in an action on a forfeited recognizance would defeat the purpose for which the same was given.

In an action on a forfeited recognizance, it is no defense that the indictment or affidavit and information in the case in which it was taken were not sufficient. *Friedline* v. *State,* 93 Ind. 366, 370; *State* v. *Gachenheimer,* 30 Ind. 63, 64; *Adams* v. *State,* 48 Ind. 212, 213, 214; 1 Bishop's Crim. Proc. (4th ed.), §264k; 3 Am. & Eng. Ency. of Law (2nd ed.), 713. If this is true, it certainly follows that it is no defense in an action on a forfeited recognizance to allege and prove that any one or all of the allegations of the criminal charge were in fact false. *Dilley* v. *State,* 2 Idaho 1011, 1014, 29 Pac. 48.

It is urged that there is nothing to show that "J. E. Harshbarger", whose name is signed to the jurat, was an officer authorized to administer oaths, and that therefore the court had no jurisdiction of the cause.

In *Mountjoy* v. *State,* 78 Ind. 172, the jurat was signed "J. R. Christian, Clerk". There was a motion to quash overruled, and an exception. It was urged that the affidavit did not show that it was sworn to before an officer authorized to administer oaths, and that the addition of "Clerk" to the name was too indefinite and uncertain as to his office and character. This court said: "The courts take judicial notice of the names and signatures of their officers, and it will be presumed that J. R. Christian was the clerk of the court below, and that he signed the jurat as such clerk, as that court sustained the validity of the affidavit. *Hipes* v. *State,* 73 Ind. 39; *Buell* v. *State,* 72 Ind. 523; *Brooster* v. *State,* 15 Ind. 190."

In *Brooster* v. *State,* 15 Ind. 190, the jurat was signed "J. C. Applegate", and the appellant moved to quash the affidavit on the ground that "it does not appear to have been

State v. Osborn.

taken before an officer authorized to administer oaths."
The motion was overruled and on appeal this court said:
"And did it appear that 'J. C. Applegate,' before whom it
purports to have been taken, was not an officer of that char-
acter, the objection would have been available. But the
affidavit, on its face, shows that it was made in Carroll
county, and the motion to quash having been refused, it
must be presumed that the court was fully advised that
'J. C. Applegate' was an officer authorized to administer
oaths."

In the cases cited, *supra,* the attacks on the affidavits
were direct by appeal, and the affidavits were sustained,
while here the attack is collateral. The court overruled a
motion to quash said affidavit and the information, based
thereon, which affidavit the record shows was made in Parke
county, and we must presume as against this collateral at-
tack that the court was fully advised that said "J. E.
Harshbarger" was an officer authorized to administer oaths.
Indeed the record certified to this court shows that J. E.
Harshbarger was clerk of the Parke Circuit Court. Be-
sides, the action of the court in overruling said motion to
quash was not subject to collateral attack. Van Fleet's Coll.
Att., §17, p. 23. Moreover, this objection to the affidavit
only calls in question its sufficiency, which we have shown
can not be done in this action. *Friedline* v. *State,* 93 Ind.
366; 1 Bishop's Crim. Proc. (4th ed.), §264k; 3 Am. &
Eng. Ency. of Law (2nd ed.), 713.

If a man is indicted for a rape alleged to have been com-
mitted in one county, and is indicted for a rape alleged to
have been committed on the same woman in another county,
he is charged with the commission of two rapes, although
in fact he may not be guilty as charged in either case, or
may be only guilty of the rape charged in one of the cases.

Under the allegations of the answer it can not be said that
Joel C. Osborn was charged with the same offense three
times, once in Parke county by affidavit and information,

and twice in Vermillion county, once by indictment and once by affidavit. It may be true that he was charged twice with the same offense in Vermillion county, but said answer shows that he was charged with two rapes on the same woman, once in Parke county and the other in Vermillion county. The court in each county had the same jurisdiction over the criminal case there pending that it would have had if no case had been pending in the other county. It had the power to try and determine the case, require that a recognizance be given, and to adjudge a forfeiture for a breach of any of its conditions. Even if the accused had been indicted in the Parke Circuit Court for the same offense that was charged in the affidavit and information in that court, the pendency of one of said cases could not have been answered in abatement of the other, for the reason that, until the accused had incurred a jeopardy in the case set up in the plea in abatement, its pendency would not avail him for any purpose, nor could he even compel the prosecutor to elect as between said actions. *Dutton* v. *State,* 5 Ind. 533; *Hardin* v. *State,* 22 Ind. 347; *Haase* v. *State,* 8 Ind. App. 488, 493; Gillett's Crim. Law (2nd ed.), §764, p. 596.

It is unnecessary to determine whether or not the part of the answer which alleges said objections and the action of the court thereon, and seeks to review said ruling in this action is a collateral attack on the judgment of forfeiture, because, even if said action of the court could be so reviewed in this case, the same was not erroneous, but proper. This is clearly shown by what we have said concerning the same facts which were alleged in the answer.

It is next insisted by appellees that the State, by attempting to arrest the accused, caused him to conceal himself so that they were unable to perform the conditions of their obligation and that they were thereby released from liability on the recognizance.

It is said that a man's sureties on a recognizance for his

State *v.* Osborn.

appearance in a criminal case "are his jailers of his own choosing, and the spirit of their obligation is that they will as effectually secure his appearance and put him as much under the power of the court as if he were in the custody of the law. If the bail permit their principal to leave the state to go into another state they do so at their peril, and if he be there arrested, or taken ill, or confined in an insane asylum, and cannot be removed thence to fulfil the conditions of their obligations, they will be liable for the default." 3 Am. & Eng. Ency. of Law (2nd ed.), 710, 711. So the appellees were the jailers of their principal under the recognizance sued upon, and if he failed to appear, according to the conditions of said recognizance, they are liable for the default.

It is held in some jurisdictions that when the principal, after giving a recognizance, is rearrested in the same cause, in pursuance of proper authority, or upon his appearance for trial is ordered into custody of the sheriff, that such arrest operates as a discharge of the sureties on said recognizance. The reason given for this rule is that the consideration accruing to the sureties is their custody of the principal, and the right to arrest and surrender him, and that, when this consideration fails, their liability ceases. If the arrest is illegal, it will not have this effect. The subsequent arrest of the principal on another charge does not operate *ipso facto* as a discharge of the sureties. 3 Am. & Eng. Ency of Law (2nd ed.), 718, 719. See, however, *State* v. *Warwick,* 3 Ind. App. 508. It has not been held, however, by any court, so far as we are advised, that the flight of a principal to avoid arrest in the same or another case will discharge his sureties.

As it is not alleged that said accused was rearrested in the same case, or arrested in either of the cases filed in Vermillion county, it is not necessary to decide, and we do not decide, whether or not said arrests, or either of them, if made, would have discharged the sureties on said recogni-

zance. It has been held that when the court had jurisdiction of the general subject-matter in a criminal action neither an entry of recognizance nor the judgment of forfeiture can be impeached in a collateral proceeding. *State* v. *Wenzel,* 77 Ind. 428, 430-436, and cases cited; *Adair* v. *State,* 1 Blackf. 200, 201; *McGuire* v. *State,* 124 Ind. 536, 541; *Harrison* v. *State,* 54 Ind. 2, 5; *Doe* v. *Harter,* 1 Ind. 427, 430, 431; *Welborn* v. *People,* 76 Ill. 516, 518; *Johnson* v. *People,* 31 Ill. 472; *People* v. *Watkins,* 19 Ill. 117, 119, 120.

It is insisted by appellees that §1900 Burns 1894, §1831 R. S. 1881 and Horner 1897, is unconstitutional, but as the recognizance sued upon was not given under said section we are not required to decide that question.

It follows from what we have said and the authorities cited that the court erred in overruling appellant's demurrer to the first and second paragraphs of the answer. Judgment reversed, with instructions to sustain the demurrers to the first and second paragraphs of answer, and for further proceedings in accordance with this opinion.