## WEAVER ET AL. *v.* STATE OF INDIANA

[No. 8,492.    Filed June 2, 1914.]

1. BAIL.—*Criminal Prosecutions.—Forfeiture of Bond.—Discharge of Surety.*—Under §2027 Burns 1914, Acts 1905 p. 584, §156, providing that any surety, at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court or to the sheriff, and upon payment of such costs as the court may adjudge to be paid by him, may thereupon be discharged from any further liability upon the recognizance, the right of a surety to surrender his principal in open court at any time before final judgment upon the forfeited recognizance, so as to effect his discharge, is absolute, even though after the forfeiture and prior to such surrender, the principal has been arrested and tried and convicted for the same offense for which the recognizance was given, but he may be required to pay the costs of such rearrest. *(State* v. *Warwick* [1892], 3 Ind. App. 508, distinguished and in part disapproved.)    pp. 396, 397, 398.

2. BAIL.—*Criminal Prosecutions.—Forfeiture of Bond.—Discharge of Surety.*—Generally an arrest by the authorities of the same county for the same offense for which the recognizance was given discharges the sureties.    pp. 397, 398.

3. BAIL.—*Criminal Prosecutions.—Forfeiture of Bond.—Discharge of Surety.*—Where the State by its act prevents the surrender of the principal by the surety on his recognizance, the surety is no longer bound.    p. 398.

4. BAIL.—*Criminal Prosecutions.—Discharge of Surety.—Effect.*—The discharge of a surety on a recognizance under §2027 Burns 1914, Acts 1905 p. 584, §156, does not extinguish the liability of the princpal thereon.    p. 399.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by the State of Indiana against Andy Weaver and another on a forfeited recognizance signed by them as sure-

ties. From a judgment for the State, the defendants appeal. *Reversed.*

*Charles D. Hunt* and *Gilbert W. Gambill,* for appellants.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

IBACH, P. J.—On February 2, 1911, the State of Indiana, by her attorney, filed a complaint in the Sullivan Circuit Court in a suit on a bond executed by Andy Weaver as principal and Frank Weaver, surety, which had been previously declared forfeited by a justice of the peace of said county. To this complaint Frank Weaver filed a general denial on May 8, 1911, and on June 24, 1911, Frank Weaver produced his principal in open court and filed a written motion to be discharged upon his offer to pay such costs as the court might adjudge against him. To this motion the State answered, stating that after the forfeiture of the bond sued on, an affidavit was filed in the Sullivan Circuit Court, charging Frank Weaver's principal with the same identical offense for which the bond sued on was taken before a justice of the peace in said Sullivan County; that process was issued upon said affidavit and the principal was brought into court by the sheriff, that the principal entered a plea of guilty and judgment was had against him, that all of these proceedings were had before the motion for a discharge and the alleged surrender of the principal by the surety, Frank Weaver. To this answer the surety, Frank Weaver, filed a demurrer for want of facts, and the court's ruling in overruling the demurrer is relied upon for a reversal. Frank Weaver then filed a general denial in reply to the State's answer to his motion, and also filed an additional paragraph of answer to the State's complaint, in which he alleged that he signed the bond sued upon, but that before final judgment against him upon the bond, he, pursuant to §2027 Burns 1914, Acts 1905 p. 584, §156, brought his principal into open court and surrendered him,

and offered and consented to pay such costs as the court might adjudge to be paid by him in said cause. The court's action in sustaining the State's demurrer to this answer, for want of facts, is also relied upon as reversible error.

Section 2027 Burns 1914, *supra,* is in the following words: "Any surety, at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court, or to the sheriff, and upon payment of such costs as the court may adjudge to be paid by him, may thereupon be discharged from any further liability upon the recognizance." Appellant's contention is that under this section he should have been discharged upon production of his principal in open court and offer to pay such costs as the court should adjudge, although, after the forfeiture, and before the surrender, his principal had been arrested by the sheriff, and tried and convicted for the same offense for which the recognizance was given. The language of the statute is plain and clear, without exception or equivocation, that *at any time before final judgment upon the forfeited recognizance,* the surety upon compliance with its terms may be discharged from liability. There is a long line of decisions which reiterate these plain words of the statute. *Miller* v. *State* (1846), 8 Blackf. 77; *McGuire* v. *State* (1855), 5 Ind. 65; *Woolfolk* v. *State* (1858), 10 Ind. 532; *State* v. *Rollins* (1875), 52 Ind. 168; *State* v. *Rowe* (1885), 103 Ind. 118, 2 N. E. 294. "The right of the bail, under the statutory provision above quoted, to surrender the principal at any time before final judgment against himself, is absolute, and does not depend upon favor and indulgence, or the discretion of the court." *Woolfolk* v. *State, supra.* In the case of *State* v. *Rollins, supra,* the principal had, after the forfeiture of the bond, and upon the surety making no effort to bring him into court, been arrested by the sheriff, and the court held that when the surety bailed him from his second detention, and surrendered him in open court, he was discharged from

payment of the forfeited recognizance. The court said, "We think it can make no difference how the principal was produced in court. If he was produced by the bail and costs paid before final judgment, the surety was entitled to be discharged."

The general rule is that an arrest by the authorities of the same county for the same offense for which the recognizance was given, discharges the sureties on the bond, for the reason that they have thus lost the custody of their principal, which is the consideration for their undertaking. 1 Bishop, New Crim. Proc. (2d ed.) §264i; *State* v. *Osborn* (1900), 155 Ind. 385, 393, 58 N. E. 491; *State* v. *Funk* (1910), 20 N. Dak. 145, 127 N. W. 722, 30 L. R. A. (N. S.) 211, Ann. Cas. 1912 C 743, and cases cited in note; *Commonwealth* v. *Skaggs* (1913), 152 Ky. 268, 153 S. W. 422, 44 L. R. A. (N. S.) 1064, and cases cited in note. All the holdings above cited would seem to indicate that appellant, upon the facts set up in his motion and answer, should, under the statute, have been discharged from his recognizance. However, there is one seeming obstacle in the way of so deciding, and that is the opinion in the case of *State* v. *Warwick* (1892), 3 Ind. App. 508, 29 N. E. 1142. In that case the principal and surety sought to be discharged, where the principal had, after forfeiture of the bond, been rearrested upon another warrant for the same offense, tried and convicted, and the court held that neither party was discharged from the obligation of the recognizance. However the decision in that case is not in fact out of accord with the holdings in prior Indiana cases above cited, for there was no attempt to surrender the principal in open court, and it was expressly stated in the opinion that for that reason the court would not decide whether the section of the statute then in force exactly similar to §2027, *supra,* applied. But after saying this, the court expressed itself in the following words, which must be regarded as merely dicta: "The purpose of the

surrender contemplated by the statute is that the accused may be subjected to the due course of law upon the criminal charge. When that has been done, the right to make the surrender is gone, and the absolute indebtedness of the bail upon the forfeited recognizance remains. If, after the forfeiture, the bail has not surrendered the principal, and the State itself has rearrested, tried, convicted and sentenced him, the State has done properly a thing to guard against the necessity of doing which it took the recognizance, and the bail has lost the right offered him by the statute under consideration." The portion quoted from the opinion was not essential to the decision of the case involved, and we believe the principles announced are contrary to the letter and spirit of the other decisions of this State, and to the general view held by all authorities. No authority is given upon which these statements are based, and we are unable after diligent search to find anything similar in the reported decisions.

When the principal has been brought to justice and tried after forfeiture of his bond, it is not the intention that the State shall enrich itself as against a mere surety

2. from the proceeds of forfeited bonds. The bond is given to insure that the accused shall be present at the time fixed for trial. It is said that the consideration accruing to the surety is his custody of the principal, and his right to surrender him, and when this consideration fails, the surety's liability ceases. The rule is well

3. settled that if the State by its act prevents the surrender of the principal by the surety, the surety is no longer bound. 1 Bishop, New Crim. Proc. (2d ed.) §264i; Clark, Crim. Proc. §42.

The ends of justice have been fully satisfied when the accused is tried, and in cases like the present, the court would have full power to assess the costs of the rear-

1. rest against the surety, so that the State could be fully reimbursed for any expense occasioned by the

principal's failing to appear and the forfeiture of the
bond.   Moreover the discharge of the surety on the
4.   bond, does not extinguish the liability of the principal
thereon, for §2027, *supra,* has no application to the
principal.   The question before us is merely the construction
of the plain provisions of §2027, *supra,* and we hold that the
facts averred in Frank Weaver's motion for discharge and
second paragraph of answer show that under this section,
he should have been discharged as surety.   We expressly
disapprove so much of the opinion in the case of *State* v.
*Warwick, supra,* as conflicts with our holdings.   See, also,
as supporting our holding, *State* v. *Taylor* (1896), 136
Mo. 462, 37 S. W. 1121, and *State* v. *Funk, supra.*

The court erred in overruling appellant Frank Weaver's
demurrer to the State's answer to his motion for discharge,
and in sustaining the State's demurrer to his second para-
graph of answer to the complaint, and for these errors the
judgment is reversed.

NOTE.—Reported in 105 N. E. 517.   As to what will excuse surety
from producing principal, see 99 Am. Dec. 216.   See, also, under (1)
5 Cyc. 126;   (2) 5 Cyc. 117;   (3) 5 Cyc. 115;   (4) 5 Cyc. 127.