CASE 7—RECOGNIZANCE—DECEMBER 19.

# Miller vs. Commonwealth.

APPEAL FROM WASHINGTON CIRCUIT COURT.

1. See the opinion for a statement of the various orders of court and steps taken on the indictment and recognizance.

2. The orders of court and the recognizance sufficiently show that the defendant was *discharged from custody* by the giving of the recognizance, although that fact is not in terms stated in the record.

3. The omission, in the order of forfeiture, to name the sureties or to give the date of the recognizance, is not a fatal defect, where the recognizance is otherwise sufficiently identified. (3 *Met.*, 416.)

4. An undertaking that the defendant will "render himself *obedient* to the orders and process of this court" held equivalent to the undertaking prescribed by *sec.* 77 of the *Crim. Code*, that he "shall at all times render himself *amenable*," &c. This section only requires that the undertaking shall be *substantially* as prescribed.

5. The omission of the last of the stipulations contained in the prescribed form, does not render the recognizance invalid.

6. The continuance of the case at the instance of the defendant, and the permission given him to stand upon his recognizance, without the consent of the sureties, did not release them.

7. The controlling principle is, that until the defendant is surrendered or his appear-

ance entered in discharge of his bond, the sureties have the control of him, and the court has not, unless for the causes specified in *sec.* 96, none of which exist in this case.

M. R. HARDIN & R. J. BROWNE, for appellant, cited *Crim. Code, secs.* 67, 68, 80, 77 ; 1 *Stat. Law, p.* 198 ; 3 *Blackstone*, 128 ; 2 *Com. Dig.*, *p.* 3 ; 18 *B. Mon.*, 29 ; 1 *Met.*, 389 ; 2 *Met.*, 385 ; 1 *Dana*, 165 ; 22 *Ills. Rep.*, 226.

J. M. HARLAN, Attorney General, for Commonwealth, cited *Crim. Code, secs.* 80, 88, 92.

L. H. NOBLE, on same side, cited *Crim. Code, secs.* 67, 68, 77, 80, 81, 94, 96, 184, 227 ; 3 *Met.*, 415, 382 ; 1 *Rev. Stat.*, 323, 373 ; *Hardin*, 504, 505 ; 2 *Dana*, 139 ; 7 *Dana*, 243 ; 1 *B. Mon.*, 70.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

W. H. Miller was indicted for murder at the August term, 1861, of the Washington circuit court. On the day the indictment was returned into court the order shows he "was brought into court in the custody of the jailer," plead not guilty, and the cause was continued at his instance.

At the November term, 1861, the order shows he was again "brought into court in the custody of the jailer," and at his instance the cause was again continued, and he "remanded into the custody of the jailer."

On a subsequent day of this term this order was made :— "This day the defendant appeared and the Commonwealth's Attorney also, and on account of there being several cases of smallpox in the jail, and by agreement of parties, defendant Miller, together with his sureties, E. B. Miller and Jacob Miller, severally acknowledged themselves indebted to the Commonwealth in the sum of five thousand dollars; but to be void upon conditions that said defendant, W H. Miller, shall appear here in court on the second day of the next term to answer the charge of murder for which he stands indicted, and that he render himself obedient to the orders and process of this court; and if convicted, that he render himself in execution thereof."

At the May term, 1862, at the instance of W. H. Miller, the cause was continued until 3d day of the next term, "and on

his motion he is permitted to stand on his former recognizance."

At the November term, 1862, this order was made : " The defendant, W. H. Miller, having failed to appear in discharge of his recognizance, ordered that the same be forfeited, and that summons issue thereon against him and his securities therein."

At the November term, 1863, the appellant, E. B. Miller, appeared on said summons and both demurred and answered, setting up substantially the same defense in each, as follows :

" 1. The record shows no order admitting W. H. Miller to bail.

" 2. It shows no discharge of him from custody.

" 3. The recognizance of the defendant was not forfeited; the order of forfeiture does not embrace it.

" 4. The order of forfeiture is exclusively for W. H. Miller's failure to appear at the November term, 1862, whereas the undertaking is only for his appearance at the May term, 1862 ; there are no words in the recognizance requiring him ' at all times to render himself amenable.'

" 5. The order at the May term, 1862, to permit him to stand on his former recognizance, placed him out of the control of his sureties and operated to release them.

" 6. The undertaking of the sureties, by the conditions thereof, is in its terms restricted to the fact that W. H. Miller's appearance and obedience of the orders and process of the court at the May term, 1862, as to which, there is no forfeiture

" 7. It cannot be ascertained from the recognizance that the defendant undertook that W. H. Miller should appear in court for trial.

" 8. Said undertaking of record is in form and substance unauthorized by law, and invalid as a bail bond."

Defendant's demurrer was overruled, and one to his answer sustained, and judgment against him for $5,000, which he seeks to reverse.

The orders and recognizance show that W. H. Miller was in the lawful custody of the jailer, on a charge of murder ; that because of smallpox in the jail, and by agreement of

parties; the recognizance was entered into, by which it was stipulated he should appear on the second day of the next term to answer the charge of murder, for which he was indicted. This stipulation would have been absurd but for the fact that he was to be discharged from custody ; indeed, the legal effect of the recognizance was to take him from the custody of the jailer, and place him in the friendly custody of his sureties, and is the discharge contemplated by the Criminal Code.

The order of forfeiture was made in the case of *Commonwealth vs. W. H. Miller;* and because he failed to appear in discharge of his recognizance, therefore it was taken as forfeited, and a summons directed against him and his sureties. This is sufficiently explicit to identify the recognizance which was forfeited, especially as no other recognizance of W. H. Miller was in this case. It was a recognizance of his, in which there were sureties. Had the order named the sureties, or given the date of the bond, the identity would have been more perfect; yet this is not a fatal defect. (*Tenny et al. vs. Com.,* 3 *Met.,* 416–17.)

Section 77, Criminal Code, only requires that the recognizance shall be substantially as in the form prescribed therein. One of the stipulations in this form is " to answer said charge, and *shall at all times render himself amenable* to the orders and process of said court in the prosecution of said case."

The undertaking in this recognizance is to appear and " answer the charge of murder for which he stands indicted, and that he render himself *obedient* to the orders and process of this court." The words " shall at all times " are left out, and the word " obedient " is used for " amenable ;" but these are not technical words which have a peculiar legal signification.

Obedient, is to be " submissive to authority, yielding compliance with commands, orders, or injunctions; performing what is required, or abstaining from what is forbid."

Amenable, is to be " liable to answer; responsible ; answerable ; liable to be called to account."

These words are of such similar import that either might be used with propriety to express the same thing.

Miller vs. Commonwealth.

And the undertaking to be " obedient to the orders and process of the court" is substantially an undertaking that he "shall, at all times, render himself amenable to the orders and process of the court."

The last clause in the form is, " if he fails to perform either of these conditions, that he will pay to the Commonwealth of Kentucky the sum of —— dollars." This is also omitted in this recognizance; yet, if the covenants of the recognizance substantially complies with the law, it is sufficient.

This recognizance acknowledges an indebtedness to the Commonwealth in the sum of $5,000, to be void upon certain conditions; this is a covenant to pay the Commonwealth the five thousand dollars, unless the same shall be discharged by the performance of the conditions; and the last covenant to pay, if the parties fail to perform the conditions, is mere form, and adds nothing to the legal effect of the recognizance, which has every covenant without as with these words.

Beside, section 80, Criminal Code, provides that no recognizance shall be invalid by reason of any variance between its stipulations and the provisions of the Code; so that it be made to appear that the defendant was legally in custody, charged with a public offense, and that he was discharged therefrom by reason of the giving of the recognizance; all of which does appear from the orders and recognizance in this case.

Whether the continuance of the indictment at the May term, 1862, at the instance of W. H. Miller, and the permission given him to stand on his recognizance, without the consent of the sureties released them, is a more formidable question.

The covenant to pay the $5,000 is to be void if the defendant, W. H. Miller, shall—1. Appear in court on the second day of its next term to answer the charge of murder; 2. That he render himself obedient to the orders and process of the court; and 3. If convicted, that he render himself in execution thereof.

W. H. Miller did appear at the time stipulated, but not to answer the charge; for by his affidavit he showed he was not

ready to do this, but asked a continuance. The order of the court was then, in effect, that he appear at the next term of the court to answer said charge, which he was bound to do, else he would not be obedient to the orders of the court, as he and his sureties had undertaken. The order that he have permission to stand on his recognizance was unnecessary, as such was the legal effect of the continuance, unless a new recognizance had been entered into, or his sureties had surrendered him in discharge of his recognizance, or he had surrendered himself.

This construction of the effect to be given to this recognizance is sustained by the cases of *Commonwealth vs. Cummins*, 18 *Bell*, 29 ; *Commonwealth vs. Coleman*, 2 *Met.*, 385–6 ; *Commonwealth vs. Ray, MS. opin.*, June, 1859 ; *Jones vs. Commonwealth, MS. opin.*, December, 1857. The controlling principle seems to be that until the defendant is surrendered, or his appearance entered in discharge of his bond, the sureties have the control of him, and the court has not, unless for the causes specified in section 96, Criminal Code; neither of which causes existed in this case.

Nor does this work any hardship on the sureties; for the theory of the law is, that one out on bail is in the friendly custody of his sureties; and under the Code these have the easiest and speediest remedy furnished them to get rid of their responsibility; first by tendering the defendant to the court in discharge of their obligation ; or if the court is not in session, then, by the provisions of section 81, Criminal Code, the bail, by getting a certified copy of the recognizance, may tender the defendant to the jailer, and be exonerated at any time before the forfeiture is entered.

The case of *Vepond vs. Hulburt*, 22 *Ill. Rep.*, 226–7, was adjudicated upon a statute of Illinois; the indorsement bail on the *capias ad respondendum* was for the appearance only of Roberts, nothing more   The statute contemplated the payment of the judgment and cost. The court very properly decided that an undertaking that Roberts should appear was no undertaking to pay the judgment which might be rendered against him; and as the most important object of the statute, and

undertaking prescribed by it, had not been complied with, that it did not hold the surety responsible for the judgment. This case in nowise militates against this opinion and the authorities referred to in its support.

Wherefore, the judgment of the court below is affirmed.