## Raymer et al. v. Commonwealth.

(Decided February 20, 1931.)

LOGAN & LOGAN for appellants.

J. W. CAMMACK, Attorney General, and HOWARD SMITH GENTRY for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Atlas Raymer was indicted at the November, 1928, term of the Edmonson circuit court for the offense of unlawfully detaining a female against her will, a felony. Section 1158, Kentucky Statutes. Raymer was arrested on January 4, 1929, and executed bond for his appearance at the next term of the Edmonson circuit court, which appellants J. N. Raymer, G. W. Skaggs, and Walter Houchin signed as sureties.

Raymer appeared at the March, 1929, term of the circuit court and was tried. The jury failed to agree on a verdict, and the case was continued to the June, 1929, term of the court. Raymer failed to appear at the June term of court, and the commonwealth then took a forfeiture of his bail bond, and summons was issued against the sureties directing them to appear at the November, 1929, term of the Edmonson circuit court and show cause why a judgment should not be entered against them for $500. Raymer appeared at the November term of court, but the case was continued on motion of the commonwealth because of the absence of a material witness. Raymer was also present at the March, 1930, term, but the case was again continued on motion of the commonwealth because of the absence of the same witness.

At the March, 1930, term the sureties filed a response to the summons requiring them to show cause why a judgment should not be rendered against them, and at the June, 1930, term a judgment was rendered against them for the sum of $500.

In Huffman v. Commonwealth, 236 Ky. 48, 32 S. W. (2d) 562, it was held that the sureties on a bail bond were discharged when the commonwealth retook the person bailed and put him on trial for a felony. Here Raymer was accused of a felony, and at the March, 1929, term of the court he was put on trial. He was taken from the control of his bail and put into the custody of the court. The commonwealth having repossessed itself of the custody of the accused, the bail bond was discharged for the reasons set forth in the Huffman case.

Wherefore the judgment is reversed, and the cause remanded for further proceedings consistent herewith.