## Damron v. Commonwealth.

(Decided May 5, 1931.)

F. M. BURKE for appellant.

J. W. CAMMACK, Attorney General, and S. B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Reversing.

Thomas Damron was indicted by the grand jury of Pike county, charged with the statutory offense of deserting his infant children. His bail was fixed on the indictment at the sum of $500, and his father the appellant, John Damron, became surety on his son's bail bond for that amount by executing it on August 11, 1928. On the 18th day of October thereafter, during a regular term of the Pike circuit court, a trial of the indictment of Thomas Damron was entered into before a jury duly selected and sworn, and a part of the evidence was heard when the court was adjourned until the next morning. Upon the convening of court on the latter day, the defendant on trial, Thomas Damron, moved the court to set aside the swearing of the jury "and fix an amount that the defendant should pay for the support of the infants named in the indictment and continue the case," which motion the court sustained, and adjudged that the defendant "shall pay for the support of said children at the sum of Forty (40) Dollars per month, beginning at the first day of November and payable monthly on the first day of each month therafter.". The court inserted in that order this: "The court reserves the right to modify this order at any time the facts warrant." At the March, 1929, term of the court, the indictment was called for trial, and the defendant therein failed to appear, and the court, on the motion of the commonwealth's attorney, made an order forfeiting the bail bond upon which summons was issued and served upon the surety, the appellant herein. He responded, and alleged therein (a) the fact of entering into the trial at the October, 1928, term of the court, the subsequent setting aside of the swearing of the jury, and continuing of the case, as a defense to his liability on the bond. He also pleaded (b) that the defendant in the indictment had paid and was continuing to pay the monthly sums fixed by the court in accordance with the terms of its order to that effect, and the latter defense was never controverted in any manner whatever, nor was any reply pleading filed by the commonwealth so far as the record before us shows other than one alleging that the order of the court setting aside the swearing of the jury, to which we have referred, was made and done at the instance of defendant in the indictment with the

agreement and consent of his father, the appellant, who was the surety on his son's bond, and that allegation by the commonwealth is not shown by the present record to have been controverted.

In that state of the record the trial of the forfeiture proceedings was had, and the court adjudged appellant liable, and gave the commonwealth judgment against him for the sum of $500, the amount of the bond. The motion of appellant for a new trial contained two grounds therefor: (1) The fact of swearing the jury and entering into a trial of the indictment at the October, 1928, term of the court, which appellant relied on as a release of his obligation under his son's bail bond; and (2) "because at the time the court forfeited the bond of the defendant, Thomas Damron, he had not violated the order of the court and was paying the $40.00 per month," and which latter was one of the defenses interposed by appellant as a defense to his liability on the bond, and also, as we have seen, was not denied by any responsive pleading of the commonwealth or by any order of the court so far as the present record discloses, nor was any evidence offered either to sustain it or to deny it. Under such condition of the record it appropriately might be said that the court erroneously rendered judgment regardless of the merits or demerits of defense (a) contained in appellant's response. But, since we conclude that it is and was a bar to the right of the commonwealth to recover against the surety the amount of the bail bond, except under conditions to be hereinafter mentioned, we will not pursue the discussion of ground (b) but will at once proceed to the discussion of defense (a).

In the two very recent cases of Raymer v. Commonwealth, 237 Ky. 537, 35 S. W. (2d) 887, and Huffman v. Commonwealth, 236 Ky. 48, 32 S. W. (2d) 562, 563, we had before us the identical question of the effect on the liability of a surety in a bail bond for a felony charge, of entering into a trial thereof before a jury duly selected and sworn, and in which we held that the swearing of the jury released the bail from liability on the bond, unless he "appear personally in court, and consent that he [defendant] remain on bail," etc. It would serve no useful purpose, and would unduly lengthen this opinion, to repeat our reasoning in arriving at our conclusions in those two cases, since such information readily may be obtained from consulting those opinions. Briefly stated,

the theory upon which our conclusions in those two cases were based is that, under section 183 of the Criminal Code of Practice, the trial court, for and on behalf of the commonwealth, resumes custody of the defendant in a felony indictment upon the swearing of the jury impaneled for the purpose of trying him on the charge in the indictment, and as a consequence the surety in the bail bond no longer has control of or surveillance over the indicted defendant for whom the bail was executed, and that for the suretyship to reattach a new bond should be executed, or the surety in the original bond should appear in court and consent for his principal to remain on bail throughout the trial, or until the submission of the prosecution to the jury. See section 183, supra, of the Criminal Code of Practice. The case of Miller v. Commonwealth, 1 Duv. 14, cited in brief of the Commonwealth, decides nothing to the contrary, nor are the other cases cited in same brief applicable to the facts involved in our two later cases, supra, nor to those involved here, and the principles decided in such relied on cases are not controlling.

That being true, the appellant in this case became released from the obligations of the bail bond that he executed for his son *eo instanter* when the jury was sworn to try the latter on the indictment at the October, 1928, term of the Pike circuit court. His obligation for his son's appearance and for his rendering himself amenable to the orders and processes of the court at once ceased, unless he gave his consent as pointed out in the section of the Criminal Code referred to, and his liability as bail could not be reinstated without the execution of a new bond, or, perhaps, without his later consenting as provided in the section of the Code, and before the final submission of the prosecution to the jury. However, none of the actions to continue or to renew the liability of appellant were made, done or taken in this case so far as the record before us discloses.

The fact, if it be one, that appellant agreed or coincided with the motion of his principal to set aside the swearing of the jury and for the court to fix a monthly sum to be paid by the defendant in the indictment, could not legally have the effect to reinstate appellant's liability on the bond from which he had already been released when the jury was sworn. The consent that will continue

liability on the bond must be given by the surety before he became released by the act of swearing the jury, unless he thereafter in some manner according to the principles of law did some act that would constitute a waiver of his release. At the time appellant consented for the swearing of the jury to be set aside and monthly payments to be made by his son, if he did do so, he was no longer legally interested in the outcome of the trial, but had only a personal interest because of his relationship to his son, and, if the latter advised with him as to the proper course to pursue, or if he gave advice when so sought, it was not in the capacity of bail for his son, but rather in the capacity of father of his son, and in so acting it logically cannot be said that he waived any of his rights as surety on the defendant's bail bond. He was only giving expression to his best judgment, as does any one capable of giving advice, when he agreed with his son that it would be the better course to adopt for the son to agree to the payment of monthly installments to be fixed by the court rather than be convicted and imprisoned in the penitentiary. At any rate, as we have hereinbefore seen, the consent or acquiescence of appellant, in whatever capacity given, was given and done after he had already been released as bail for his son, unless he gave the requisite consent for his principal to remain on bail, hereinbefore referred to. We therefore hold that the facts relied on by the commonwealth in support of its pleaded waiver are insufficient for that purpose.

Of course, if it should be made to appear at another trial that appellant consented for his son to remain on bail during the trial, and it should further appear that defendant in the indictment had not paid and was not paying the installments fixed in the court's order, an entirely different case would be presented, and no doubt such a showing would render the appellant liable on his bond; but no such facts are presented by the record before us. After the filing of the mandate from this court the parties will be permitted to amend their pleadings in the forfeiture proceedings and to introduce whatever proof they may have to sustain the issues that may be thereby presented, if any.

For the reasons stated, the judgment is reversed, with directions to sustain the motion for a new trial, and to set aside the judgment, and for proceedings consistent with this opinion.