## Commonwealth v. Emerson

*John B. Pearson,* and *Hause, Evans, Storey & Lick,* for petitioner.

*E. Leroy Keen,* assistant district attorney, and *Carl B. Shelley,* district attorney, for Commonwealth.

HARGEST, P. J., June 14, 1939.—This case comes before us upon a petition to show cause why the order forfeiting the bail should not be vacated.

The facts are not disputed. Sidney D. Emerson was arrested on a charge of operating a motor vehicle while under the influence of intoxicating liquor, and, after hearing, was held for the grand jury. The National Surety Corporation gave bail on March 29, 1938, for his appearance. The grand jury presented a true bill June 1, 1938, and on June 2, 1938, when his case was called for

trial, defendant failed to appear. The court ordered the bail forfeited, which was accordingly done, but no judgment was taken thereon. Through the efforts of the National Surety Corporation defendant was arrested in Baltimore, Md., December 11, 1938. The sheriff of this county was notified and brought the prisoner to the Dauphin County Prison, where he was detained until trial. On December 19, 1938, he pleaded not guilty, waived a jury trial, was found guilty by Judge Richards, specially presiding, and sentenced to nine days in jail and to pay a fine of $100. The costs for bringing defendant from Baltimore to Harrisburg were $29.35.

Petitioner requests that it be relieved from any liability upon payment to the clerk of the sum of $29.35. The county contends that the forfeiture should not be remitted unless the fine and the total costs of the case, amounting to $178.70, are paid.

Section 2 of the Act of December 9, 1783, 2 Sm. L. 84, provides that the courts are "empowered to order the said recognizances to be levied, moderated or remitted, on hearing the circumstances of the case, according to equity and their legal discretion."

In Foulke et al. v. Commonwealth, 90 Pa. 257, it is held:

"Where there is a regular, formal forfeiture of a recognisance, the liability of the recognisors is absolutely fixed thereby, and relief therefrom must be sought by petition to the court, to respite the cognisance for cause to be shown, under the provisions of the Act of 1783." (Syllabus.)

See also Commonwealth v. Balsamo, 72 Pa. Superior Ct. 182, and Commonwealth v. Harvey, 36 Pa. Superior Ct. 235.

The authority given to the court under the Act of 1783, supra, is very broad, and the court cannot be charged with abusing its discretion in remitting only a portion of the forfeited recognizance: Commonwealth v. Cohen, 22 Pa. Superior Ct. 55.

The question before us is what portion should be remitted. The purpose of bail is to secure defendant's appearance in court to answer the charge for which he stands indicted: Commonwealth, for use, v. Drocton, 10 D. & C. 380. When that purpose has been fulfilled, should the court, in the exercise of a sound discretion, penalize the surety to the full amount of the bail because defendant did not appear when first called to trial? We have found no case which holds that the full amount of the recognizance should be exacted where the surety subsequently locates and causes the arrest of defendant who failed to appear when first called, and where defendant is subsequently tried and convicted.

In The State v. Warwick et al., 3 Ind. App. 508, 29 N. E. 1142, the court held that the power of the court to remit the forfeiture for cause shown "must be something more than the re-arrest and conviction of the principal." But in that case the surety did nothing after the forfeiture of the bond to cause the arrest of the defendant. It was there said:

"If, after the forfeiture, the bail has not surrendered the principal, and the State itself has re-arrested, tried, convicted and sentenced him, the State has done properly a thing to guard against the necessity of doing which it took the recognizance, and the bail has lost the right offered him by the statute under consideration."

However, the Appellate Court of Indiana, in Weaver et al. v. State of Indiana, 56 Ind. App. 394, 105 N. E. 517, overruled the case of State v. Warwick et al., supra, and held that where defendant was subsequently arrested and tried, convicted and sentenced, on precisely the same charge, the bail should not be required to pay anything more than the costs to which the State had been put by the failure to answer for trial.

Where the failure to appear arises from no fault on the part of defendant, the surety would not be liable: Williams et al. v. State (Tex.), 92 S. W. (2d) 1036. So it has been held that where the State or the court, acting as an

agent of the State, takes possession of defendant, the surety is not liable: Huffman et al. v. Commonwealth, 236 Ky. 48, 32 S. W. (2d) 562.

In Raymer et al. v. Commonwealth, 237 Ky. 537, 35 S. W. (2d) 887, it is said:

"Here Raymer was accused of a felony, and at the March, 1929, term of the court he was put on trial. He was taken from the control of his bail and put into the custody of the court. The commonwealth having repossessed itself of the custody of the accused, the bail bond was discharged for the reasons set forth in the Huffman .case."

In the Raymer case it appeared that when Raymer was put on trial the jury failed to agree. The case was continued to the June term, but bail was not renewed. Raymer failed to appear at the June term and the Commonwealth forfeited the bail given for his appearance at the March term.

In Damron v. Commonwealth, 238 Ky. 687, 38 S. W. (2d) 683, defendant was placed on trial. On the second day of the trial defendant moved to set aside the swearing of the jury and fix an order of support for the infants named in the indictment. The court sustained the motion and continued the case. At the following term of court defendant failed to appear and the bail bond was forfeited. The court held that the surety was discharged when the jury was sworn unless he gave his consent to the continuance. It was said with reference to the two Kentucky cases which we have cited:

"Briefly stated, the theory upon which our conclusions in those two cases were based is that, under section 183 of the Criminal Code of Practice, the trial court, for and on behalf of the commonwealth, resumes custody of the defendant in a felony indictment upon the swearing of the jury impaneled for the purpose of trying him on the charge in the indictment, and as a consequence the surety in the bail bond no longer has control of or surveillance over the indicted defendant for whom the bail was exe-

cuted, and that for the suretyship to reattach a new bond
should be executed, or the surety in the original bond
should appear in court and consent for his principal to
remain on bail throughout the trial, or until the submis-
sion of the prosecution to the jury."

We are unable to see any distinction between a situa-
tion where defendant fails to respond when first called,
or fails to answer after having been submitted to a trial,
when subsequently called pursuant to a continuance of
the case. If the surety subsequently delivers defendant
and the court tries him, the surety has complied with the
conditions of its bond, and the State has taken possession
of defendant pursuant to that delivery by the surety. The
thing for which the bail was given has been carried out,
namely, the appearance of defendant for trial. If de-
fendant fails to appear, and because of that failure the
trial has been postponed and any expense has been in-
curred by such postponement, the surety is bound to re-
spond to that extent.

The surety has not given bail to pay the costs of the
case or to pay any fine imposed. The complete obligation
of the surety is to see that defendant appears for trial.
We cannot conceive that under any principle of law or
equity, a surety, who has given bail for an appearance,
should be required to carry out the sentence imposed upon
defendant. And if required to pay the fine and costs, the
surety would be, pro tanto, carrying out the sentence, an
obligation which the surety did not assume.

We are of opinion that all that the State can exact
where a defendant has not appeared when first called for
trial, but is subsequently arrested through the efforts of
the surety, and subsequently tried and convicted, is the
damage to which the Commonwealth has been put by
the failure to respond when first called. It follows in this
case that this bail should be remitted upon the payment
of $29.35.

Now, June 14, 1939, the petition of the National Surety
Corporation is sustained and the rule granted thereon is

hereby made absolute. The order forfeiting the bail is vacated upon the payment to the county of $29.35, the amount expended in returning defendant to Dauphin County Prison.